Delivered January 9, 1891.

---

## ALBERT AND HENRY NORWOOD v. GONZALES COUNTY.

### No. 2890.

1. **Public Road—Condemnation held Void.**—In 1878 the County Commissioners Court opened a road through lands within the corporate limits of the town of Gonzales. In 1882 the city council by ordinance adopted the road as laid out by the county commissioners. In 1883 the limits of the town were drawn in so as to leave said road outside the limits of the town. The road was used and worked by the county as a public road. The owner of the land in 1878 was a married woman. Her coverture continued until after her sale in 1887 to appellants, who.at once enclosed the land. The fence was removed and the road opened by order of the county commissioners. The appellants then brought suit for the land and for damages. On appeal, *held:*

1. It was without the jurisdiction of the County Commissioners Court to open up the road through land within the corporate limits of the town, and the proceedings had no legal effect.

2. The ratification by the city council of the void act of the County Commissioners Court did not affect the title of the owner of the land appropriated for the road.

3. As the town did not legally condemn the land as a street while within its limits, nor the commissioners condemn it as a road after it was left outside the town, there has been no legal appropriation of the land for road or street purposes.

4. The coverture of the owner in 1878 and subsequent thereto prevented limitation.

2. **Claim for Damages Against County.**—A claim for damages against a county for a trespass upon lands should be presented to the County Commissioners Court for allowance before suit. Rev. Stats., art. 677.

APPEAL from Gonzales. Tried below before Hon. George McCormick. The opinion gives a statement.

*Harwood & Harwood* and *Thomas McNeal,* for appellants.—1. Independent of statute, the Bill of Rights of Texas declares that no citizen of this State shall be deprived of his or her property except by the due course of the law of the land; and that no person's property shall be taken, damaged, or destroyed for or applied to public use without ade-

quate compensation being made, unless by the consent of such persons, and when taken, except for the use of the State, such compensation shall be first made or secured by a deposit of money. And it is competent for plaintiffs to show that the constitutional prerequisites of the exercise of the right of eminent domain by the County Commissioners Court of Gonzales County were not complied with in the proceedings by which the property in suit was sought to be condemced for a public highway. Rev. Stats., arts. 4370, 4371; Bill of Rights, secs. 17, 19; Hamilton County v. Garrett, 62 Texas, 604; Wooldridge v. Eastland County, 70 Texas, 680; Railway v. Benitos, 59 Texas, 327; Rhine v. McKinney, 53 Texas, 354; Wharf Co. v. Railway, 72 Texas, 456; Mills on Em. Domain, sec. 85; Longford v. Commissioners, 16 Minn., 375; Heyneman v. Blake, 19 Cal., 579.

2.    An incorporated city or town with a regular city government under a charter from the State, plotted and laid off into lots, blocks, and streets, with power "to regulate, open, and extend the streets and alleys to the corporate limits of said city," has exclusive jurisdiction over the roads and streets within said corporate limits, and any attempted jurisdiction by the County Commissioners Court within the limits of said corporation over its streets is null and void. The State v. Jones, 18 Texas, 874; Boone Law of Corp., sec. 293; Cool. Const. Lim., 3 ed., 198; Rev. Stats., art. 375; Sayles' Civ. Stats., art. 4358a; 1 Dill. Mun. Corp., 2 ed., sec. 54.

3.    The road across plaintiffs' lot having been within the corporate limits of the town of Gonzales in 1878, when attempted to be laid out and established by the county, the county had no jurisdiction over it and all its acts were null and void, and it was incompetent for the city council to adopt them by ordinance.

4.    The State could and did delegate the right of eminent domain to the city through its charter as an incident to its power under appropriate ordinances "to regulate, open, and extend the streets and alleys to the corporate limits of said city;" but in order to exercise this power it was incumbent on the city to provide by ordinance for an impartial tribunal, to be governed by known and fixed rules of law after notice to the owner whose property was sought to be condemned for public uses, and to provide for compensation to the owner. Rhine v. McKinney, 53 Texas, 359; Rev. Stats., art. 478; Bill of Rights, secs. 17, 19; Hamilton County v. Garrett, 62 Texas, 604; Railway v. Benitos, 59 Texas, 327; Sayles' Civ. Stats., art. 478.

5.    The court fatally erred in his conclusions of law, "that although when the road was originally laid out in 1878 it was within the limits of an old incorporated city, consisting of four leagues of land, that afterwards the city council approved the action of the court, and that afterwards, in 1883, the limits of the city were so contracted as to leave the road in question within the jurisdiction of the Commissioners Court, that such jurisdiction now properly attaches, and plaintiffs having purchased said

land and closed up said road while the court had jurisdiction over it can not complain that they have been damaged as claimed in this action; upon which judgment will be rendered for defendant establishing its right to said roadway as such, and for costs of this suit," for the reasons as follows, to-wit:

(1)   The road having been sought to be condemned and laid out by the Commissioners Court in 1878 within the limits of an old incorporated town, it had no jurisdiction over the subject matter, and the whole proceedings were null and void.

(2)   The mere approval of the void acts of the Commissioners Court by the city council of Gonzales could not resuscitate this stillborn road.

(3)   The city council of Gonzales having jurisdiction over the streets within the corporate limits of said town, could, had it adopted suitable ordinances, have condemned property for streets in case the public necessity required it, but in the exercise of the power of eminent domain it was bound to conform strictly to the statutory law on that subject, and grant the owners of the property a hearing and compensate them for all damages.

(4)   The fact that the limits of the city were contracted in 1883 so as to throw the lots in controversy within the jurisdiction of the Commissioners Court gives it authority to now proceed according to law and condemn property for public highways in case the public necessity requires it, but it in no way adds efficiency or renders legal the court's action when it has no jurisdiction over the same.

(5)   The fact that plaintiffs purchased said lot and closed up said road after the Commissioners Court had acquired jurisdiction over it could not in any way affect their rights or give the court power to open up a road across the land against plaintiffs' will upon a simple order, and relieve the court of the constitutional and statutory provisions by which the citizen is protected in the use and enjoyment of his rights of property.

We adopt each of these objections to the court's conclusions of law as a proposition, and refer to the previous authorities and statements made under the errors assigned on the findings in support of them. It is a legitimate inference from the court's conclusions that the mere fact of the Commissioners Court acquiring jurisdiction over the plaintiffs' lot in 1883 was a menace to his right of property and would work an estoppel against any claim of damages in his behalf against its illegal acts. Having calmly worked out this problem of law to his satisfaction, the conclusion reached is a surprise to the logical mind, to-wit, "Upon which judgment will be rendered for defendant establishing its right to said roadway as such, and for costs of this suit."

If this be the law of the land, the acquiring of jurisdiction by the Commissioners Court over the property of the citizen is a serious matter. If the court wants to run a road over a particular place, and actually does

cut through a citizen's premises, and has jurisdiction, then, forsooth, 'tis done. It acquires title to the road bed. Such cobwebs as constitutions and bills of rights and statutes present no obstacles.

*W. S. Fly,* for appellee.— 1. When the road was laid out in 1878 the statute did not require the jury of view to give notice of any kind to the owner of the lands across which the road was laid out. The amendment requiring personal notice was added in 1884, long after the road had been laid out by the county and approved by the city of Gonzales. Sayles' Civ. Stats., art. 4370.

2. The judgment of the Commissioners Court stands on the same footing as that of any other court and could not be attacked in a collateral proceeding, and the presumption was in favor of the validity of the judgment. Ackerman v. Huff, 71 Texas, 317; Lyons v. Munson, 99 U. S., 684; Secombe v. Railway, 23 Wall., 108; Johnson v. Railway, 35 N. H., 569.

3. In 1878 the law did not require the jury of view or anyone else to assess damages over unenclosed land; and the three notices required by law having been given, the property owner should have preferred his claim, and not doing so there was a tacit consent to the taking of the land, and a stranger after the expiration of ten years could not come in and bring a suit in trespass to try title. Rev. Stats., art. 4365; Ackerman v. Huff, 71 Texas, 317; McAulay v. Railway, 78 Am. Dec., 627; Wooldridge v. Eastland County, 70 Texas, 680; Secombe v. Railway, 23 Wall., 108; Railway v. Loeb, 59 Am. Rep., 341; Railway v. Morgan, 73 Ill., 155; Kutz v. McCune, 22 Wis., 628; Mills Em. Dom., sec. 66; Memmert v. McKeen, 112 Pa. St., 315.

As to twenty days notice being sufficient. Swan v. Williams, 2 Mich., 427; Palmyra v. Marton, 25 Mo., 593; Dill. Mun. Cor., sec. 471.

4. There being proof that showed that the road was laid off where the city had never exercised jurisdiction and had never worked any streets, the county had jurisdiction to lay out the street, and if it had not, the subsequent ratification by the city gave it jurisdiction, and if it did not, the working and use of the road after the land was thrown out of the city would preclude appellants from damages or recovery of the land, they having bought the land with full knowledge of the county's easement. Wooldridge v. Eastland County, 70 Texas, 680.

5. If, as argued by appellant, the action of the Commissioners Court was void because the land over which the road was laid out was situated within the corporate limits of the city of Gonzales, the adoption of the county's action by the city "breathed the breath of life" into it, and the road became a legal one.

6. If appellants had any claim at all against the county they should have presented it to the Commissioners Court for allowance, and this is a condition precedent to the recovery of any claim. The statute is imper-

ative.   Rev. Stats., art. 677; Gilman v. Contra Costa County, 8 Cal., 52; Barbour County v. Horn, 14 Ala., 114; McCann v. Sierra County, 7 Cal., 121; Maddox v. Randolph, 65 Ga., 216.

HENRY, Associate Justice.—This suit was brought by appellants to recover a strip of land forty feet wide, now used by the county of Gonzales for a public road, and extending diagonally across the west half of a 12-acre lot known as lot 5 in range 6 in the outer town of Gonzales.

The cause was tried by the judge without a jury, and his findings and the evidence show, among other things, the following facts:

In the year 1878 the land in controversy belonged to a Mrs. Rogan and was situated within the limits of Gonzales, a city then having a special charter giving it control over its streets and being governed by a board consisting of a mayor and aldermen.

In the year last named the County Commissioners Court of Gonzales County, proceeding under the road law, made an order establishing a second class road over the land, and subsequently it caused the same to be worked as a public road.   The council of the city of Gonzales in the year 1882 passed an ordinance adopting said road as laid out by the County Commissioners Court.

The limits of the city corporation were contracted in the year 1883 so that they did not after that time include the land in controversy.   The land was treated as a public road and worked as such without objection from its owner until she sold and conveyed it to appellants in the year 1887.   Mrs. Rogan was a married woman during the entire period.

When appellants purchased it they at once improved the land and planted a crop upon it.

By direction of the County Commissioners Court their fence was removed for the purpose of reopening the road.

In the view taken by us of the case there are a number of questions raised by the assignment of errors that it does not become necessary for us to consider.

Without intending to decide that if the County Commissioners Court could have rightfully exercised jurisdiction to establish the road the action taken in this instance would have been sufficient for that purpose, we think it must be held to have been without jurisdiction to do so in the year 1878, because the land was then included within the corporate limits of the city, and its proceedings at that time must be treated as having no legal effect.   The State v. Jones, 18 Texas, 874.

The circumstances under which the County Commissioners Court may assume authority over the streets of incorporated cities and control them as public roads were defined for the first time by the Act of the Legislature of March 14, 1885.   Sayles' Civ. Stats., art. 4359a.

It is needless to say that the title of the owner of the property was not

affected by the mere ratification or adoption, in the year 1882, by the city council of the void acts of the County Commissioners Court.

It is sufficient to say that while the city by a proper proceeding could, under the Constitution and laws, have condemned the property for street purposes previous to its exclusion from the city in the year 1883, and the county could have caused it to be condemned for road purposes subsequent to said date, no attempt to do so was made by either.

The coverture of Mrs. Rogan relieves the case of any question about the statute of limitations.

The want of jurisdiction of the County Commissioners Court removes questions which would otherwise have existed with regard to the necessity of serving the owner with notice of the proceedings to establish a road, and of the effect of her acquiescence in the proceedings after being notified of them, notwithstanding no compensation was awarded her.

The title of Mrs. Rogan to the property not having been in any manner impaired by the unauthorized proceedings, that acquired by her vendees was equally good, and their expulsion from the land must be held to have been an unwarranted trespass, and they may properly maintain this suit for the recovery of its possession.

With regard to the claim for damages, we do not think it proper to comment further than to say that we think it subject to the requirement of article 677 of the Revised Statutes, and that in the absence of its having been presented to the County Commissioners Court for allowance the suit in that respect can not be maintained.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered January 9, 1891.