LAYTON C. PUCKETT v. WACO ABSTRACT AND INVESTMENT COMPANY.

Decided May 12, 1897.

1. **Abstract of Title—Omission—Damages—Pleading.**

See petition, seeking damages for omission of names of adverse claimants of land from abstract of title, whereby plaintiff, failing to bring suit against them in time, lost his title by limitation, held insufficient to show the last named fact, plaintiff having recovered judgment against, and afterwards settled with and released to such claimants, and failing to allege facts showing such concession of title to them to be justified.

2. **Same—Withdrawal of Pleading.**

It was not an abuse of discretion for the court to refuse to permit plaintiff to withdraw his supplemental petition after rulings on demurrer, and to stand on his original petition, especially when the result would have been the same.

APPEAL from McLennan. Tried below before Hon. L. W. GOODRICH.

*J. B. Scarborough,* for appellant.

*Clark & Bollinger,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant brought this suit against appellee for damages. Omitting preliminary matters, the original petition reads thus:

"That defendant company was on, to wit, July 18, 1891, and prior thereto, and continually since said time, doing a general abstract business—that is, undertaking to prepare for all parties desiring the services of said company an abstract of the title to any real estate in McLennan County, said abstract to show all instruments of record in any manner affecting the title to any tract or lot of land.

"Plaintiff alleges that in the early part of July, 1891, he was possessed of fee simple title to an undivided one-sixteenth interest in and to a tract of land containing 116 acres and 26-100 acres, being a part of the Thos. De La Vega grant in McLennan County, Texas—beginning at the N. W. corner of a tract of 114 acres sold to J. D. Johnson, as shown by Vol. N., page 397, deed records said county; thence S. 30 E. 687 varas to corner; thence S. 60 W. 955 1-2 varas to Waco road; thence N. 30 W. 687 varas; thence N. 60 E. 955 1-2 varas to beginning, being same land partitioned between J. B. McDaniel and E. J. Gurley as shown by deed recorded in Vol. 30, page 320, deed records. That said land was being adversely held to him by different parties, who were disputing his title, and that he desired to bring suit against all parties claiming an adverse interest; and not being himself familiar with the deed records of McLennan County, and being unable to get said information, he employed defendant company to do said work for him, contracting with defendant for a full and complete abstract of title to said land, showing fully all recorded instruments in any manner affecting said title, and showing who was in any manner asserting claim to said land or any part thereof, so that he could include all of said parties in his said suit and have said title duly adjusted.

"That defendant company undertook, for a consideration of $9, to it paid by plaintiff, to furnish said information. That defendant did furnish to plaintiff an abstract of said title signed by defendant company, purporting to contain said information, and upon which plaintiff relied, and filed said suit, it being distinctly stated to defendant at the time said abstract was demanded and contracted for that the purpose of plaintiff in getting said information was to enable him to bring into his said suit all of the parties claiming adversely to plaintiff, and with this understanding and upon the consideration named, defendant contracted with plaintiff to furnish said information.

"Plaintiff alleges that said abstract was defective and not complete, in that it did not show that E. E. McDaniel, as grantee of J. B. McDaniel, had placed a deed on record whereby she asserted title to ninety-seven acres of said tract; said abstract also failed to show that Eliza Johnson, Charles Johnson, Jessie Boyd, Daisy Johnson, all of whom were claiming an interest in said land by title deeds of record, which plaintiff alleges and charges to be a fact.

"Plaintiff alleges that, relying on the accuracy and truthfulness of

said abstract of title as furnished to plaintiff, on the 18th day of July, 1891, he filed his said suit in trespass to try title to said tract of land, and made J. B. McDaniel and G. R. Brice parties defendant, they being the only parties shown by said abstract to be claiming adversely to plaintiff. Plaintiff alleges that at the time he filed his said suit, to wit, September, 1891, his title to said land was perfect; that the parties holding adversely to him were claiming under the statute of limitation, of which holding plaintiff had no notice, and that after said suit had been filed and before it was reached for trial such time had elapsed that the statute of limitation had become complete in said parties not made parties, to wit, E. E. McDaniel, Eliza Johnson, Charles Johnson, Daisy Johnson, and Jessie Boyd; that when said case was called for trial the said J. B. McDaniel filed his disclaimer, showing that he had, prior thereto and long prior to the filing of said suit, parted with his title, which said deed from J. B. McDaniel to E. E. McDaniel and others was of record at the time of filing of said suit and long prior to the preparation of said abstract, but which was not shown by said abstract. That by reason of the negligence of defendant, by reason of which negligence plaintiff was misled and failed to make said parties defendant in time to prevent the statute of limitation from becoming complete defense, he has been deprived of title to his said land. That at the time of the filing of said suit said defense was not complete, and said defendants did not have title to plaintiff's land. That subsequent to this suit these said parties were sued by plaintiff, and plaintiff was defeated by said plea of limitation set up by them, whereby he lost his said land, without fault on his part, and through the negligence of defendant in preparing said abstract. That this interest in said land amounted to eight acres, of the value of $150 per acre, making the sum of $1200 this plaintiff has been damaged through the breach of said contract with defendant and by and through the negligence of defendant.

"Hence plaintiff sues and prays citation, and on trial prays judgment in the said sum of $1200, and his costs, and for general and special relief."

Appellant filed a first supplemental petition, which, after the style of the case, reads as follows:

"Comes now the plaintiff in above styled and numbered cause, and with leave of the court files this his first supplemental petition, waiving nothing in his original petition, and says in addition thereto: That plaintiff contracted with defendant company for a complete abstract of all title papers filed subsequent to the L. F. Puckett deed, filed in 1869; that the said deeds to E. E. McDaniel and others were filed subsequent to that time.

"That plaintiff in his petition in said cause, filed August 12, 1891, failed to make E. E. McDaniel and the other defendants claiming said lands parties defendant, for the reason that the abstract of title furnished by the defendant herein did not show that they had any interest therein.

"That the statute of limitation was not a complete defense to said defendant by reason of their possession of said land under recorded deed and

payment of taxes; that said deed had not been recorded so as to put the statute in motion and to have completed their title under the five years statute of limitation at the time of the filing of said suit, but said statute of five years did become a complete defense to them before the trial of said cause. That plaintiff used all possible diligence in pressing said cause to trial. That it was filed in August, but owing to the crowded condition of the District Court docket it was not reached for trial until October, 1892, when it was tried by this honorable court, which upon full hearing of all the facts held that plaintiff was not barred as to so much of the land held by defendants who were before the court. That hence plaintiff would have gained his land had said defendant E. E. McDaniel and the others holding under her been made parties defendant at the institution of said suit, but he was prevented from making them parties defendant by reason of his being deceived by the abstract of title furnished by this defendant.

"Plaintiff alleges that the date on the back of said abstract, July 18, 1891, is the correct date; that the certificate thereto, dated July, 1890, is a mistake—was made on July 18, 1891.

"Plaintiff further alleges, that in order to fully and completely exhaust all of his rights and to test the question as to whether or not the question of limitation had been properly pleaded and sustained, that his coplaintiff, Belle Hamilton, who was held in said cause to have been barred by limitation, appealed said cause to the Court of Civil Appeals of Texas, which said court affirmed the opinion of the lower court; holding that the statute of limitation was a complete defense. That said plaintiff Belle Hamilton applied to the Supreme Court for a writ of error, seeking to set said judgment aside, which said writ of error was refused by said Supreme Court, thereby affirming the judgment of the Court of Appeals and of the lower court.

"Plaintiff alleges that while said cause was on appeal, that plaintiff and the said Belle Hamilton, his coplaintiff, filed in this honorable court another suit, cause No. 6285, suing E. E. McDaniel and those holding under her as parties defendant. That this honorable court upon the trial of said cause rendered judgment for plaintiff for the said land claimed by plaintiff in his original suit, holding that the statute of limitation had not run against them, the said plaintiffs, because of their cotenancy with defendants.

"Plaintiff alleges that the Court of Civil Appeals and the Supreme Court having decided the identical question upon the same state of facts between the same parties in another suit adversely to plaintiff's right, and adversely to the judgment of this court, which opinion settles the law of this case, and which opinion was rendered subsequent to the trial of the last case by this honorable court, and plaintiff in order to save the cost and expense of an appeal, said Court of Civil Appeals and have said judgment reversed and set aside, for a nominal cost paid plaintiffs, they, upon the distinct understanding that it was only upon the ground that the law had been decided against them and the judgment of this

court, they set aside said judgment and quitclaimed the land sued for to the defendant E. E. McDaniel.

"That plaintiff lost his land solely and only for the reason that said abstract did not indicate to him that E. E. McDaniel had her recorded title to said land, so that he could have made her a party to the first suit, and thereby gained his cause. Plaintiff prays judgment as in his original petition."

The trial court sustained a general demurrer to the original and supplemental petitions, granted the plaintiff leave to amend, and set the case down for hearing at a future day of the term. On the day for which it was set the case was called for trial, and the plaintiff asked leave to withdraw from the record his supplemental petition, which request was refused. He then asked leave to amend his pleading by refiling his original petition, which the court refused to allow him to do. He then declined to further amend, and the cause was dismissed.

All the rulings above stated were excepted to and are presented in this court for revision.

*Opinion.*—We think the trial court correctly sustained the general demurrer to appellant's pleadings.

The supplemental petition shows that in a court having jurisdiction appellant had litigated the question of title to the land alleged to have been lost by the negligence of appellee and had recovered a judgment for said land, and that he had thereafter voluntarily released said judgment and conveyed his interest in the land to one of the adverse claimants. It is true, appellant alleges that in the trial of the case in which he obtained judgment for the land the court held that limitation would not run in favor of the defendant, and he alleges that this court, on a similar state of facts, in another case, held that the statute of limitation would apply, and that he set aside said judgment and conveyed his title to the adverse claimant to save the cost and expense of an appeal. But it does not appear from these averments that the judgment which he obtained for the land would probably have been set aside or vacated on appeal or otherwise. The date of the judgment and the date of its release are not stated, and though the judgment may have been erroneous and reversible on appeal, it does not appear from the petition that the adverse party intended to take an appeal, or that at the time the judgment was released the time allowed by statute within which to appeal or sue out a writ of error had not elapsed. Prima facie, the judgment was valid, was free from reversible error, and settled the question of title between appellant and the adverse claimant; and appellant's pleading does not show with any degree of certainty that it was in a condition to have been revised by any appellate court. Again, even if it appeared from the pleading that the judgment referred to could and would have been appealed from, it does not appear from the facts alleged in either the original or supplemental petition that the judgment should have been reversed. It is alleged that at the time the first suit was tried such time had elapsed as

would bar appellant's right to recover the land as against those in possession who were not parties to that suit; and as to the second suit, in which appellant recovered a judgment for the land, it is alleged that this court and the Supreme Court, on the same state of facts, held that appellant was barred as to his right to recover the land as against another defendant. But in no place do the pleadings under consideration state the facts necessary to establish the constituent elements of limitation.

From the averments it is inferred that the adverse claimants of the land were claiming the same under the five years statute of limitation. But it is nowhere alleged that they had been in adverse possession of the land for five years prior to the time of bringing suit, nor that they had been claiming the land during that time under a deed duly recorded and had for that period of time paid the taxes due thereon. These three concurrent facts were necessary to defeat appellant's title to the land; and the failure to allege that all of these facts existed in favor of the adverse claimants renders appellant's plea obnoxious to a general demurrer, because it does not show that such adverse claimants have acquired title to the land by reason of the statute of limitation. The original petition does allege that the statute of five years limitation became a complete defense to the adverse claimants who were not sued in the first case before the trial of said case; but that is a mere conclusion of the pleader. It does not state the facts from which the court can see that title had vested by virtue of the five years statute of limitation. And the same may be said of the averment as to the identity of the facts of this case with the facts of another case, decided by this court. The pleader may have regarded the facts in this case as identical with the facts in the other case, but that is merely his judgment on the subject; and, the facts themselves not being set forth, this court is not in a position to decide whether or not any plea of limitation was available in the second case.

Nor do we think the court erred in refusing to permit appellant to withdraw his supplemental petition or in declining to allow him to refile his original petition. The court had granted him leave and ample time in which to prepare and file an amended petition; and while the discretion existed to permit him to use in part his former pleadings, we do not think the court abused its discretion in not allowing such irregular procedure. Besides, if the court had permitted appellant to stand upon his original petition, the result should have been the same. That pleading failed to state facts necessary to show that the adverse claimants of the land not made parties to the suit had acquired title by limitation. It is true, in addition to what is said therein in reference to the adverse claimants asserting title under the statute of limitation, it is alleged in the original petition that, subsequent to the first suit, appellant sued the other adverse claimants and was defeated by the plea of limitation set up by them, and that thereby he lost the land, without fault on his part. But it is not stated in what court this subsequent suit was filed, nor that it was ever tried and judgment rendered against appellant. If appellant intended

to rely upon a judgment as evidence of the fact that he had lost his title to the land in controversy, he should have alleged that the suit was brought in a court of competent jurisdiction, and that a judgment had been rendered against him.

No reversible error has been pointed out, and the judgment in this case will be affirmed.

*Affirmed.*