## BOGUE v. VAN ZANDT COUNTY.

(Court of Civil Appeals of Texas. Dallas. June 17, 1911.)

COUNTIES (§ 213*)—CLAIMS—PRESENTATION TO COMMISSIONERS' COURT—CONDITIONS PRECEDENT—"ACTION FOR DAMAGES."

An action against a county for damages for the cutting by its road supervisor, acting under its commissioners, of an embankment built by plaintiff to impound water for his mill, is not an action for the taking of private property without compensation, though subsequent to the construction of the embankment the public road was so changed as to run across and along the embankment, but is an action for damages within Rev. St. 1895, art. 790, providing that no county shall be sued unless the claim on which the suit is founded shall have been first pre-

---

sented to the county commissioners' court for allowance, and it shall have neglected to allow the same, so that the presentation of a claim for the damages and the refusal of the commissioners' court to allow it are conditions precedent to a right to sue.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 342, 343; Dec. Dig. § 213.*]

Appeal from District Court, Van Zandt County; R. W. Simpson, Judge.

Action by R. E. Bogue against Van Zandt County. From a judgment of dismissal rendered on sustaining a general demurrer to the petition, plaintiff appeals. Affirmed.

T. R. Yantis, and C. H. Reese, for appellant. Liveley & Stanford, for appellee.

TALBOT, J. Appellant brought this suit October 4, 1905, against the appellee, Van Zandt county, alleging that he was the owner of the land described in his petition; that prior to the month of March, 1905, he built upon said land a gin and mill at a cost of $1,000, at which he ginned cotton, ground corn, and sawed lumber for the public; that he dug a tank or pool, throwing up an embankment near his gin and mill for the purpose of impounding water with which to run his boiler and engine in the operation of said gin and mill; that, shortly after he had dug said tank or pool and threw up the embankment to prevent the escape of water, the Canton and Tyler public road was changed so as to run across and along said embankment, greatly to the benefit of the traveling public; that in March, 1905, plaintiff's tank contained enough water to enable him to run his gin and mill continually until the fall rains of said year; that on the ——— day of March, 1905, John Boiles, who had been duly appointed road overseer of the said Canton and Tyler public road in Van Zandt county and the road hands under him, by the direction of the commissioners of said county, cut the dump or embankment impounding the water for the operation of his gin and mill, thereby permitting and causing all of said water to flow out and escape; "that, on account of the unlawful, negligent act of said overseer in cutting of his said tank, as aforesaid, he had been prevented from running his gristmill and sawmill from the said ——— day of March, 1905, to this time, and prevented from running his gin from the commencement of the cotton ginning season September 1, 1905, up to this time, to his great damage, to wit, the sum of $1,000." The prayer of the petition is that upon hearing the plaintiff have judgment for his said damages in the sum of $1,000 and for costs of suit, and for general and special relief. The defendant answered by general demurrer, general denial, and special plea, which need not be stated. Defendant's general demurrer was sustained, and, plaintiff declining to amend, the case was dismissed.

There was no error in sustaining the defendant's demurrer to plaintiff's petition. The suit is not for the taking of private property without compensation, but is one for damages alleged to have resulted from the cutting of plaintiff's dam and depriving him of the use of the water held thereby, which was necessary in the operation of his gin and mill. Article 790 of the Revised Statutes of 1895 provides: "No county shall be sued unless the claim upon which suit is founded, shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same or any part thereof." Such presentation and neglect or refusal of the commissioners' court is a prerequisite or condition precedent of a right to sue the county. This requirement applies to a claim of the character sued upon by appellant. Norwood v. Gonzales County, 79 Tex. 218, 14 S. W. 1057; Bell County v. Flint, 91 S. W. 329. There is no allegation in plaintiff's petition that his claim was presented to the commissioners' court of Van Zandt county for allowance, or that payment thereof was refused by that court. It therefore follows that under the authorities cited defendant's demurrer was properly sustained. This view of the case renders it unnecessary to pass upon the proposition of appellant to the effect that appellant's petition discloses simply a suit for damages sustained on account of the negligence of appellee's road overseer in cutting appellant's tank dam, and that as counties are created for the purpose of government, and powers conferred upon them being duties imposed rather than privileges granted, they are not liable for the negligence of their officers or agents. The authorities cited by appellant do not in our opinion sustain his contention that he was authorized to maintain this suit without first having presented his claim to the commissioners' court of Van Zandt county for allowance and rejection.

The judgment is affirmed.