## McLENNAN COUNTY v. MILLER. (No. 10.)

(Court of Civil Appeals of Texas. Waco. Nov. 1, 1923. Rehearing Denied Dec. 6, 1923.)

**1. Counties ⬥213, 222—What must be done before county can be sued on claim, and what petition must allege, stated.**

In view of Rev. St. art. 1481, requiring a claim to be examined and approved by the county auditor before it shall be allowed by the county, and article 1366, requiring it to be presented to the commissioners' court for its approval, no claim against a county can be sued upon until those conditions have happened, and the petition must allege the presentation to, and neglect or refusal of, the commissioners' court to allow the claim, as a prerequisite to the right to sue the county.

**2. Eminent domain ⬥243(1)—Rule stated as to landowner's remedy, where report of jury of view approved by commissioners.**

Where the jury of view in all respects complies with the law, a landowner is bound by the judgment of the commissioners' court approving the report of the jury of view, and his only remedy is by appeal, as provided by Rev. St. art. 6882.

**3. Eminent domain ⬥243(1)—Award of jury of view as approved by commissioners' court held binding on landowner.**

Award of jury of view in assessing plaintiff's damage, and the judgment of the commissioners' court approving that report, *held* binding on plaintiff landowner, where the jury's award was in compliance with the statutes with reference to changing a public road, and plaintiff did not file his claim with the commissioners' court, as required by Rev. St. art. 1366, nor have it approved and audited by the county auditor, as required by article 1481, and did not appeal, as provided in article 6882, from the

order of the commissioners' court, nor from the award of the jury of view.

Appeal from McLennan County Court; Tom Conway, Special Judge.

Action by F. H. Miller against McLennan County. Judgment for plaintiff, and defendant appeals. Reversed and rendered for defendant.

F. M. Fitzpatrick and Frank B. Tirey, both of Waco, for appellant.

Sleeper, Boynton & Kendall, of Waco, for appellee.

BARCUS, J. On October 31, 1921, application was made to the commissioners' court of McLennan county, Tex., to change the route of the public road between Waco and Riesel; the change proposed going across a tract of land owned by the appellee. A jury of view was appointed, and made its report to the commissioners' court, and same was approved November 12, 1921, allowing the appellee $100 as his damages.

In his petition the only reference appellee makes to having presented his claim to the commissioners' court and its action thereon is contained in the following paragraph:

"That while appellee was before the commissioners' court they agreed that said county would waive any rights it might have by reason of the failure of plaintiff to file his claim or take an appeal from the order of said commissioners' court approving the report and award of said jury of view and assessing plaintiff's damage at $100. And plaintiff then claimed to said court that his damages were $600."

The appellant answered by a general demurrer and by special exceptions, because the petition did not show any appeal from the order approving the report of the jury of view, and did not show that the claim had been properly presented to and refused by the commissioners' court, all of which were overruled, and appellant reserved its exceptions thereto.

The court submitted the cause on special issues: (1) "Did F. H. Miller, prior to the filing of this suit, present to the county commissioners' court of McLennan county, Tex., for allowance, a claim for damages growing out of the construction of the new road through the 50-acre farm described in his petition?" to which the jury answered, "Yes." (2) "Did the construction of the new road through the 50-acre farm described in plaintiff's petition decrease its reasonable market value?" to which the jury answered, "Yes." (3) The jury was asked what was the difference, if any, in the reasonable market value of the 50-acre farm immediately prior to and immediately after the construction of the road, to which the jury answered, "$6 per acre." The court entered judgment for appellee for $300 based on said verdict.

The appellant, by proper assignment of error, contends that the trial court erred in overruling its general demurrer. We think this assignment should be sustained. Under article 1481 of the Revised Statutes, it is provided that no claim against a county shall be allowed or paid until it has been examined and approved by the county auditor. Article 1366 provides that no county shall be sued unless the claim upon which suit is founded shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof. Appellee did not plead that he had presented or filed his claim with the commissioners' court, or that they had refused the same, and did not plead that the claim had been filed with the county auditor. Bell County v. Flint (Tex. Civ. App.) 91 S. W. 329; Bogue v. Van Zandt County (Tex. Civ. App.) 138 S. W. 1065; Hohman v. County of Comal, 34 Tex. 37; Powder Cattle Co. v. Commissioners, 9 Mont. 145, 22 Pac. 386; Board of Commissioners v. Phye, 27 Colo. 107, 59 Pac. 55; Hoexter v. Judson, 21 Wash. 646, 59 Pac. 498. In the Hoexter v. Judson Case, supra, the court said:

"The right to sue a county is a privilege granted by statute, which must be accepted with the conditions imposed on its exercise, and unless the statute itself clearly points out exceptions to the prescribed conditions, none will be held to have been intended."

[1] Since the Legislature has required all claims to be audited by the county auditor, and requires the claim to be presented to the commissioners' court for its approval, no claim against a county can be sued upon until said conditions have happened. The petition must allege the presentation to, and neglect or refusal of, the commissioners' court to allow the claim as a prerequisite or condition precedent of a right to sue the county. In Norwood v. Gonzales County, 79 Tex. 218, 14 S. W. 1057, the Supreme Court held it applies to this class of claims.

[2] The appellant by proper assignments of error contends that appellee, having failed to appeal from the order of the commissioners' court awarding him damages in the sum of $100, has thereby lost his right to maintain this suit. This involves primarily the question of fact as to whether the jury of view in all essential particulars complied with the statutes with reference to the changing of a public road. It is a well-established principle of law that, where the jury of view in all respects complies with the law, the landowner is bound by the judgment of the commissioners' court approving the report of the jury of view and his only remedy is by an appeal as provided by article 6882, Revised Statutes. Lawrence v. Gordon (Tex. Civ. App.) 209 S. W. 702; Vogt v. Bexar County, 16 Tex. Civ. App. 567, 42 S. W. 127; Hankamer v. County Commissioners (Tex. Civ. App.) 154 S. W. 623; Bourgeois v. Mills, 60 Tex. 76; Powell, Gerard & Co. v. Erath County (C. C. A.) 274 Fed. 305.

Appellee admits that the jury of view's appointment and their report and the approval by the commissioners' court were in compliance with the law, with the one exception—appellee claims the notice he received stated that the jury of view would be on his land at 9 o'clock November 12th for the purpose of inspecting the land and right of way and assessing damages, and that he was there at said time, and that the jury of view were not there at the time fixed for the meeting.

Appellee testified that he was on his land about 9 o'clock November 12th for not more than 10 minutes, and did not see any member of the jury of view, that he did not file any claim for damages with the jury of view, and did not appeal from the order of the commissioners' court approving the report of the jury of view, nor appeal from the award made by the jury of view, and that he had never filed any claim with the commissioners' court for damages.

The testimony establishes the facts that appellee, the day before the jury of view inspected the land, went over the proposed route with one member of the jury of view, and on the morning of November 12th, the day the jury of view met, he saw another member of the jury of view, who informed him that they were going out to the land, and appellee informed said juryman that he was going to Waco and would not wait. Two members of the jury of view were on the land by 9 a. m. to meet all landowners, and during said day all members of the jury of view inspected the proposed road and did lay out the course of the road and assess the damages; and appellee had actual knowledge of said facts and was present in the commissioners' court when the report of the jury of view was made to, and approved by, the commissioners' court.

[3] Under the facts in this case, we are of the opinion that the award of the jury of view assessing appellee's damages, and the judgment of the commissioners' court approving said report, is binding on appellee, and, since the time for appeal from said judgment has elapsed, this cause should be, and the same is, reversed, and rendered for appellant.