## EASTLAND COUNTY v. EBERHART.
### (No. 1751.)

(Court of Civil Appeals of Texas. El Paso. April 16, 1925. Rehearing Denied May 14, 1925.)

1. **Judgment** ⊂⊃948(½)—**Pleading** ⊂⊃106(1) —**Plea that land for which damages were claimed had been duly condemned was plea of res judicata, and not in abatement.**

In proceeding to enjoin interference with construction of highway, where defendant brought a cross-action for damages to land, plaintiff's plea that land had been duly condemned and defendant should have appealed from award was a plea of res judicata, and not in abatement.

2. **Eminent domain** ⊂⊃243(1)—**Condemnation award does not cover damage resulting from improper use of land.**

Condemnation award does not cover damage resulting from negligent, improper, or unlawful use of land by party condemning, who is bound to exercise right with due regard to rights of owner of balance of land.

3. **Eminent domain** ⊂⊃242—**Defective condemnation proceeding subject to collateral attack.**

Condemnation proceeding which is fatally defective is subject to collateral attack.

4. **Eminent domain** ⊂⊃243(2)—**Complaint for damages to land showing condemnation not barred, where negligent injury alleged.**

In proceeding to enjoin interference with construction of highway, cross-complaint for value of land taken and damages for negligent injury to other land is not barred by condemnation award, as negligent construction affords basis for additional damages.

5. **Eminent domain** ⊂⊃293(1) — **Cross-complaint for damages to land did not show lawful condemnation.**

In proceeding to enjoin interference with construction of highway, cross-complaint for value of land condemned and damages for negligent injury to other land, which averred that owner had never been notified of condemnation proceedings, did not show lawful condemnation of land so as to constitute any bar.

6. **Eminent domain** ⊂⊃185—**Subsequent appearance before commissioners' court did not constitute waiver of notice of condemnation proceedings.**

Where landowner was not given notice of supposed condemnation proceedings, subsequent appearance in commissioners' court, which, under Complete Tex. St. 1920, arts. 6859–6904, or Vernon's Sayles' Ann. Civ. St. 1914, arts. 6859–6901, 6902–6904, and Vernon's Ann. Civ. St. Supp. 1922, arts. 6901a–6901h, has merely supervisory capacity over award of jury, in compliance with Rev. St. art. 1366, requiring such presentation as prerequisite to right to sue, held not to constitute a waiver of notice, irrespective of whether proceedings were under Eastland County Road Law or under laws relating to condemnation by railroads or those relating to opening of public roads under Sp. Laws 3d Called Sess. 1920, c. 37, § 11.

7. **Pleading** ⊂⊃8(9)—**Plea that complaint for damages to land was barred by condemnation award was a conclusion.**

In proceedings to enjoin interference with construction of highway, plea, that cross-complaint for damage for taking of land and negligent injury to other land was barred by condemnation award, held insufficient plea of res judicata, being merely a conclusion and failing to set up facts essential to show valid condemnation.

8. **Judgment** ⊂⊃542—**Relied on as res judicata, must have been rendered by court of competent jurisdiction.**

A judgment relied on in plea of res judicata must be shown to have been rendered by court of competent jurisdiction.

9. **Eminent domain** ⊂⊃180—**Notice to landowner is jurisdictional in condemnation.**

In condemnation proceedings, notice to landowner is jurisdictional.

10. **Judgment** ⊂⊃948(½)—**Plea of res judicata, failing to show that complainant was party to proceeding set up in bar, insufficient.**

In proceeding to enjoin interference with construction of highway, plea that cross-complaint for taking land and damaging remainder was barred by condemnation award, which failed to allege that complainant was party to condemnation or in privity therewith, held improper plea of res judicata.

11. **Eminent domain** ⊂⊃149—**Award for cost of fences and for damage by cutting fenced land in two held not double recovery.**

In condemnation proceedings, award for cost of two fences necessitated by establishment of road, and for further sum for depreciation in value of tract by being cut in two, held not double recovery.

Error from District Court, Eastland County; E. A. Hill, Judge.

Suit by Eastland County against F. J. Eberhart. Judgment for defendant on his cross-action, and plaintiff brings error. Affirmed.

Burkett, Orr & McCarty, of Eastland, for plaintiff in error.

J. L. Alford, of Rising Star, and D. K. Scott, of Cisco, for defendant in error.

HIGGINS, J. This suit was brought by the members of the commissioners' court of Eastland county in their official capacity against the appellee, Eberhart, alleging that said county through its constituted authorities was constructing and improving a public highway between Eastland and Rising Star; that the defendant had fenced and obstructed the highway and was preventing the construction thereof. The plaintiffs prayed the issuance of a mandatory injunction for the removal of the obstructions and that the defendant be enjoined from further obstruct-

ing the highway. A temporary injunction was issued as prayed for.

The defendant set up a cross-action against the county for damages in the sum of $2,700 resulting from an alleged unlawful appropriation of a portion of his land for the highway; the damage claimed being for the land actually taken, damage resulting in the remainder of the tract, and other items of damage alleged to have been caused by the acts of plaintiff in the construction of the highway.

It was averred that the county claimed the land described in the writ of injunction by virtue of an "irregular and illegal" condemnation proceeding, but defendant had no notice of the proceedings, and the highway, in part at least, had been constructed on land other than that sought to be condemned; that he had presented his claim for damages to the county commissioners' court, and that body had ignored his claim, had neither approved nor disapproved the same, and he had never received any compensation for his land.

The county filed a plea in abatement setting up:

"The damage alleged and complained of was in connection with a right of way across defendant's land which was duly condemned by plaintiff for a public highway, as is shown from defendant's said cross-action.

"That defendant's remedy, if any he had, was by an appeal from the award and appraisement of said damages under said condemnation to the county court, and that this court has not jurisdiction of such an action."

It also filed special exceptions to the cross-action which raise the same question presented by the plea in abatement.

In its supplemental petition the county alleged:

"That defendant's land was duly condemned in the manner provided by law, and an award of ―――― damages was made for defendant and duly offered to defendant, which award defendant failed, neglected, and refused to accept."

The quoted matter is all that was alleged by the plaintiff respecting the condemnation. The defendant excepted to the sufficiency of the same upon the ground that it did not particularly allege notice to him of the condemnation proceedings nor that he was a party thereto.

The plaintiff's plea in abatement and exceptions were overruled. The defendant's exception was sustained.

The case was tried without a jury. The court found that the defendant had never been given notice of any condemnation proceedings and had never been paid any damages; that Eastland county, through its agents, had entered upon his premises, and in the construction of the highway had torn down his fences, destroyed his water tank and part of his crop, diverted the flow of surface water causing it to overflow his land, dug a ditch in front of his residence necessitating the building of a bridge, and that additional fencing was necessitated by the building of the highway. For the damages resulting from these matters, and for the value of the land taken and damages to the balance of the tract caused by it being cut in two parts, the court rendered judgment in favor of the defendant for $1,260.66, and upon his election to accept damages he was perpetually enjoined from obstructing or interfering with the highway as it was constructed through his premises. From this judgment the county appeals and first assigns as error the action of the court in overruling its plea in abatement and exceptions to the cross-action.

[1-5] No evidence aliunde was offered in support of the plea in abatement. It amounts to nothing more than an exception to the effect that the district court had no jurisdiction of the cross-action because the same upon its face showed that the damages claimed resulted from the taking of land duly condemned, and if defendant was dissatisfied with the award made in the condemnation proceedings his remedy was by appeal. This presents a matter of res judicata rather than of jurisdiction, for upon a condemnation of land in a lawful manner the award of damages is res judicata of the damage to which the landowner is entitled. He cannot in a collateral proceeding relitigate that issue. This follows as a consequence of the rule that when land is taken under the power of eminent domain it is presumed that all damages naturally and reasonably resulting from the taking, present and future, were taken into consideration and allowed. But such award does not cover any damage resulting from a negligent, improper, or unlawful use of the land by the party condemning. His use of the land must be exercised with due regard to the right of the owner of the balance of the land. Ry. Co. v. Lougorio (Tex. Civ. App.) 25 S. W. 1020; 2 Lewis, Eminent Domain (3d Ed.) §§ 828 and 829.

[6] If it were conceded that the cross-action showed a regular condemnation of a strip of land for the road, nevertheless it shows an encroachment beyond the strip condemned, a use of land other than that condemned, unlawful trespasses upon the rest of appellee's land in the construction of the highway, and a negligent construction which rendered appellant liable for additional damages. But the cross-action does not show a lawful condemnation of any land. It is averred that he had never been notified of the proceedings. This shows that the condemnation was fatally defective and subject to collateral attack. 2 Lewis, Eminent Domain, § 570, and cases hereinafter cited showing that notice is a jurisdictional matter. But in this connection appellant says a

waiver of notice is shown by the allegation that the claim sued upon had been presented to the commissioners' court. In the first place, the commissioners' court is not the body which makes the award of damages. Under the Eastland County Road Law, the county could condemn land for road purposes under either the laws relating to condemnation by railroads or the general laws "relating to the opening of public roads by a jury of view." Chapter 37, § 11, Special Laws 36th Leg. 3d C. S. In the case of land condemned by a railroad, the commissioners' court has nothing to do with the matter. In the case of a road established under the general law, the jury of view, after notice given by it to the landowner, is the tribunal which makes the initial award of damages, and the commissioners' court acts in a supervisory capacity over that award. Chapter 1, title 119, Texas Complete Statutes 1920, or Vernon's Sayles' Ann. Civ. St. 1914, arts. 6859–6901, 6902–6904, and Vernon's Ann. Civ. St. Supp. 1922, arts 6901a–6901h.

But it is immaterial under which law the supposed condemnation proceeding was had. In either event, the failure to give the required notice was fatal to the proceeding, and the subsequent appearance before the commissioners' court did not cure the defect. McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162.

Especially is it true that the presentation of the claim to the commissioners' court should not be treated as a waiver in view of article 1366, R. S., which required such presentation as a prerequisite to the right to sue for the same. Morgan v. Oliver, 60 Tex. Civ. App. 210, 129 S. W. 156; Norwood v. Gonzales Co., 79 Tex. 218, 14 S. W. 1057.

The allegation of the presentation of the claim to the commissioners' court was simply to show compliance with the statute mentioned.

[7] The next error assigned is to the action of the court in sustaining defendant's exception to the quoted portion of the supplemental petition. Appellant also treats that portion of the petition as raising a jurisdictional matter; but, as heretofore indicated, the award of damages in the condemnation proceeding, if valid, raises no jurisdictional question, but was available as res judicata of the damage naturally and reasonably resulting from the taking to which appellee was entitled.

As a plea of res judicata it was insufficient. It was but the legal conclusion of the pleader that the land had been duly condemned and the damage claimed the result of the taking. It should have been shown by distinct averments every fact essential to show a valid condemnation and award of damages. Philopowski v. Spencer, 63 Tex. 604; Smith v. Nesbitt (Tex. Civ. App.) 235 S. W. 1104.

[8] In a plea of res judicata it must be shown that the judgment relied upon was rendered by a court of competent jurisdiction. Puckett v. Waco, etc., 16 Tex. Civ. App. 329, 40 S. W. 812.

[9] Notice to the landowner is a jurisdictional matter in condemnation. McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162; Cook Co. v. Dudenhaffer (Tex. Civ. App.) 196 S. W. 976; Vogt v. Bexar County, 5 Tex. Civ. App. 272, 23 S. W. 1044.

· Notice was not alleged nor a waiver thereof.

[10] Again, a judgment binds only the parties thereto and those in privity with them. The stricken plea failed to allege that the defendant was a party to the condemnation or in privity therewith. The court did not err in sustaining the exception.

[11] The court awarded $150 damages for the cost of two fences necessitated by the establishment of the road through defendant's 239-acre tract, and the further sum of $290 for depreciation in the value of that tract caused by it being cut in two parts and cutting it off from defendant's 120-acre tract.

It is asserted that this was a double recovery. Think this is without merit. While both items related to the same tract of land, they were distinct items of damage occasioned by the road.

Affirmed.