## TEXAS ELECTRIC SERVICE COMPANY, Appellant, v. G. E. BRADFORD et ux., Appellees.

### No. 668.

Court of Civil Appeals of Texas. Eastland.
Feb. 14, 1930.

Rehearing Denied March 28, 1930.

See, also, 16 S.W.(2d) 836.

Douthit, Mays & Perkins, of Sweetwater, for appellant.

Hamner & Ponder, of Sweetwater, for appellees.

LESLIE, J.

This is a condemnation suit filed with the county judge of Nolan county by the Texas Electric Service Company, a corporation, against G. E. Bradford and wife, for the purpose of acquiring an easement across the latters' lands for the erection, operation, and maintenance of an electric transmission line. Commissioners were appointed to assess damages, and such proceedings generally as are required by article 3264, et seq., R. S., in the exercise of the right of eminent domain appear to have been had. The electric company, being dissatisfied with the award of the commissioners, appealed to the county court. In that court, the Bradfords, appellees here, filed February 18, 1929, a motion to dismiss the proceeding. Later the motion was sustained and the cause dismissed. The electric company, appellant, prosecutes this appeal, and bases same on seven propositions of law, the first and second of which are deemed controlling.

In the trial court, the appellees assailed the proceedings on the ground that the description in the petition of the land sought to be condemned was insufficient to meet the requirements of article 3264, et seq., R. S., and therefore the proceedings based thereon were void under the named statute and the follow-

ing authorities: G., C. & S. F. Ry. Co. v. Ft. Worth & R. G. Ry. Co., 86 Tex. 542, 26 S. W. 54; Parker v. Ry. Co., 84 Tex. 333, 19 S. W. 518; Adams v. San Angelo Waterworks Co. (Tex. Civ. App.) 25 S. W. 165; Parks v. City of Waco (Tex. Civ. App.) 274 S. W. 1006, 1008; Wilson v. Newton County (Tex. Civ. App.) 269 S. W. 227; Eastland County v. Eberhart (Tex. Civ. App.) 272 S. W. 575; 20 C. J., § 364, p. 953.

Upon the trial, the court dismissed the case for want of jurisdiction for the reasons given, that the petition for condemnation was insufficient to authorize the county judge to appoint commissioners, and, therefore, on appeal, insufficient to confer jurisdiction on the county court. It sustained the exact contention of the appellees. In this, the trial court appears to have been guided in its action mainly by the opinion of the Court of Civil Appeals of the Second Supreme Judicial District in the case of Texas Electric Service Company v. Perkins et al., 11 S.W.(2d) 543. In seeking to uphold in this court the judgment of the trial court, the appellees state that that court rested its judgment "solely and absolutely upon the correctness of his decision and that of the Court of Civil Appeals in the Perkins Case." It seems to be conceded that, save as to parties and property involved, the wording of the petition relating to property description in the instant case is "identical" with that in the Perkins Case. A comparison of the allegations convinces us that this is substantially correct. It therefore becomes unnecessary to make any detailed statement of the pleadings and contentions in the present case. Unquestionably the major question in each involved the description of the property sought to be condemned.

Based upon the above authorities, and especially the opinion in the Perkins Case, which was then pending in the Supreme Court, the trial court dismissed the appellant's condemnation proceedings. The Supreme Court has, through the Commission of Appeals, recently delivered an opinion (23 S. W.(2d) 320) in the Perkins Case, and it is there held that the alleged description of the property sought to be condemned is sufficient. We will not elaborate upon what has there been said, but upon the authority of that opinion the judgment of the trial court is reversed in the instant case and the cause is remanded, with directions to the trial court to reinstate the cause and try the same on its merits.

Appellant's propositions above discussed are sustained. The others become immaterial.

The judgment of the trial court will be reversed, and the cause remanded with directions, as above indicated. It is so ordered.