**BROWNING et al. v. MILLER et al.**

**No. 13295.**

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 10, 1936.

Rehearing Denied Feb. 14, 1936.

Chas. T. Rowland and A. C. Heath, both of Fort Worth, for appellants.

Will R. Parker, Cecil C. Rotsch, Samuels, Foster, Brown & McGee, and Jesse M. Brown, all of Fort Worth, for appellee Tarrant County.

Price & Christopher, of Fort Worth, for appellees National Surety Corporation and W. W. Miller.

DUNKLIN, Chief Justice.

This suit was instituted by Mrs. Grace Mays Browning, joined by her husband, W. I. Browning, to recover a balance alleged to be due for services rendered by plaintiff, Grace Mays, before her marriage, as deputy clerk of the county court of Tarrant county during the years 1933 and 1934. W. W. Miller, the county clerk during those years, who employed her, the National Surety Company, surety on his official bond, and Tarrant county, were all made parties defendant.

The trial court sustained a general demurrer to plaintiff's petition, and dismissed the suit after she had declined to amend, and she has appealed.

As against the demurrer, all allegations material to a recovery must be accepted as true, and the facts so alleged are as follows: W. W. Miller was duly elected county clerk of Tarrant county for the years 1933 and 1934, and the National Surety Company was surety on his official bond. Plaintiff Grace Mays served as assistant deputy clerk in the probate department of the office during the years 1933 and 1934 under the employment of W. W. Miller. On January 2, 1933, Miller presented to the commissioners' court of the county his application in writing for authority to employ 19 deputies in his office. The application listed the character of services to be performed by the different deputies and the salary to be paid each, but the names of the deputies employed were not listed. Included in the list was that of assistant probate clerk at a salary of $115

per month, and plaintiff, Grace Mays, was employed to fill that position. She was paid compensation at that rate throughout the years 1933 and 1934. That application was granted by an order of the commissioners' court, duly entered in its minutes, of date January 2, 1933, but plaintiff had no knowledge of it during her employment. There was no agreement between plaintiff and the clerk as to the amount of salary to be paid her. Miller collected and turned over to the county treasurer $929.15 fees of office collected by him during the year 1933 over and above the salaries paid to his deputies and the maximum allowance to him by law; and $9,282.66 excess fees collected during the year 1934 over and above the maximum allowed to him by law and the salaries paid to his deputies.

Article 3902, Rev.Civ.Statutes, was amended by the 42d Legislature, 1931, c. 214, § 2, and as amended was effective during the year 1933. It reads in part as follows:

"Whenever the county judge, sheriff, county clerk, county attorney, district clerk, tax collector, tax assessor, justice of peace and constable shall require the services of deputies or assistants in the performance of his duties, he may apply to the county commissioners court of his county for authority to appoint such deputies or assistants, setting out by sworn application the number needed, the position sought to be filled, and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts and disbursements of the office; and said court may make its order authorizing the appointment of such deputies and fix the compensation to be paid them and determine the number to be appointed; provided, that in no case shall commissioners courts or any member thereof attempt to influence the appointment of any person as deputy or assistant in any office. * * *

"The county commissioners court in each order granting authority to appoint deputies or assistants shall state the number of deputies or assistants authorized and the amount of compensation to be allowed each deputy or assistant, which compensation shall be paid out of the fees of the office to which such deputies or assistants may be appointed and assigned shall not be included in estimating the maximum fees of the officers named above."

The same article of the statutes was again amended by the 43d Legislature, 1933, c. 220, § 3, and as amended was in force during the year 1934, and reads in part as follows:

"Whenever the County Judge, Sheriff, County Clerk, County Attorney, District or Criminal District Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Justice of the Peace or Constable, except as provided in Article 3886, as herein amended, shall require the services of deputies, assistants or clerks in the performance of his duties, he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, setting out by sworn application the number needed, the position sought to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts and disbursements of the office; and said court may make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them and determine the number to be appointed; provided, that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such deputies shall be authorized to appoint them as provided by law; provided that said compensation shall not exceed the maximum amount hereinafter set out. The maximum compensation which may be allowed to a deputy, assistant or clerk to the officers above named, for their services, shall be as follows."

Under the statute in force during the year 1933, salaries of deputies of plaintiff's class were fixed "at a rate not to exceed twenty-one hundred ($2100) dollars per annum." Under the statute in force during the year 1934, annual salaries of deputies of the same class were fixed "not to exceed Twenty-four Hundred ($2400.00) Dollars each."

Plaintiff sought a recovery of the difference between the amount she received during those two years and the maximum amounts which the commissioners'

court had authority to allow under the statute. The substance of the several propositions presented in appellant's briefs to show her right of recovery is that the order of the commissioners' court fixing the amount of her salary at a sum less than the maximum allowable by the statute is void because, first, plaintiff did not expressly contract with Miller to serve for that salary, and is not estopped to claim the maximum allowable, since she had no knowledge of that order during her services; and, second, because the fees paid into the county treasury as excess fees collected during the years 1933 and 1934 were sufficient to cover an allowance to plaintiff of the maximum salary authorized by the statutes.

We conclude that those contentions are without merit. It is manifest that authority to fix the number of deputies to be employed by the clerk and compensation to be paid them is expressly vested in the commissioners' court, and plaintiff was chargeable with knowledge of that provision of the statutes. And on the plainest principles of equity she is estopped from challenging that authority of the commissioners' court and the binding effect of her employment by Miller in accordance with authority conferred by the order, after accepting the employment and collecting the salary fixed by the commissioners' court.

Decisions cited by appellant, such as Maryland Casualty Co. v. State et al., by this court, reported in 81 S.W.(2d) 165, and others there cited, are distinguishable from this case in the facts involved and are not in conflict with our foregoing conclusions; by reason of which the judgment of the trial court is affirmed, independently of the further point made in briefs by Tarrant county that, in order to maintain the suit against it, plaintiff was required to · first present the claim to the commissioners' court for allowance, as required by article 1573, Rev.Civ.Statutes of 1925, and decisions thereunder, such as Norwood v. Gonzales County, 79 Tex. 218, 14 S.W. 1057, McLennan County v. Miller (Tex.Civ.App.) 257 S.W. 680, Stevens v. Jim Wells County (Tex.Civ.App.) 32 S.W.(2d) 889, and without a determination of the merits of the further contention by the National Surety Company that, since the bond given by it was to answer for defaults of Miller's deputies as well as his own, plaintiff could have no right of action thereon.

Affirmed.