HOUSTON & T. C. R. CO. v. THOMPSON.

(Court of Civil Appeals of Texas. Galveston. May 19, 1911. Rehearing Denied June 22, 1911.)

1. EVIDENCE (§ 127*)—RES GESTÆ—DECLARATIONS CONCERNING PERSONAL INJURY.

Where one injured in a vehicle drove directly and immediately to a house a short distance away, her declarations shortly after she alighted concerning her physical condition were properly admitted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 377–382; Dec. Dig. § 127.*]

2. APPEAL AND ERROR (§ 759*)—ASSIGNMENTS OF ERROR—WAIVER.

Under Court Civil Appeals Rule 29 (67 S. W. xv), an assignment of error not copied in appellant's brief is waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from District Court, Waller County; Wells Thompson, Judge.

Action by B. F. Thompson against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood and W. B. Garrett, for appellant. J. D. Harvey and Keet McDade, for appellee.

MEANS, J. Appellee, B. F. Thompson, brought this suit against appellant, Houston & Texas Central Railroad Company, to recover damages for personal injuries sustained by his wife, Mattie Thompson. He alleged that the injuries were caused by one of the wheels of a buggy in which his wife was riding becoming fastened between the ends of two steel rails of appellant's railroad track where the track was laid across a public street in the town of Hempstead. The allegations of negligence are that the track was constructed of steel rails laid on and fastened to cross-ties embedded in the earth, and that earth and gravel were thrown up so that the surface of the street and track are practically on a level or flush with each other, and that where the rails come together there is a joint, and that at this joint there was a space between the ends of the rails sufficiently wide to admit of the wheel of the buggy going between; "that said joint was, on said date last mentioned, and prior thereto, so improperly, carelessly, and negligently constructed and maintained by defendant as to permit a space of, to wit, about 1½ inches to be and remain between the ends of the rails forming such joint; that is to say, that the two rails forming a junction at such point lacked about 1½ inches of meeting each other, as they should do if properly constructed and maintained, thus leaving the width above mentioned, and about one inch or more in depth, and such as to render such crossing at such point dangerous and unsafe for the passage of travelers thereover in buggies and other vehicles. And the defendant negligently failed to have and maintain a suitable device, contrivance, obstruction, or barrier to prevent or guard against the tires of the wheels of buggies and other vehicles traveling over said crossing becoming caught and fastened in such open space or joint; that such state and condition of said joint as constructed and maintained by defendant, above described, was such then and there as to unnecessarily impair the usefulness of said street at such point as a public highway for traveling vehicles, and the permitting and maintaining of same in such state and condition by defendant was negligence on the part of the defendant; that while in the act of driving in said buggy or buckboard across the defendant's said lines of railway at said crossing on said street on October 27, 1909, and while plaintiff's wife was exercising proper care, the tire of one of the wheels of said vehicle became caught and fastened in said open space in such joint, thereby causing said vehicle to suddenly stop with a violent jerk, throwing his wife with great force and violence from the seat against a tub that was in the front thereof, and against other portions of said buggy, thereby causing serious and permanent injuries," all of which are set forth. Defendant, appellant here, answered by general denial and a plea of "not guilty." The case was tried before a jury and resulted in a verdict and judgment for plaintiff for $1,-800, from which appellant, after its motion for new trial had been overruled, has appealed.

Appellant's first, second, third, fifth, and sixth assignments of error assail the verdict and judgment on the grounds that the verdict and judgment are not supported by the evidence, and are contrary to the overwhelming weight and preponderance of the testimony. The fourth assignment complains that the verdict is excessive.

We have carefully examined the testimony in the record, and we conclude therefrom that plaintiff's wife was injured in the manner alleged in the plaintiff's petition, that defendant was guilty of negligence as in said petition charged, that her injuries were the proximate result of such negligence, and that plaintiff suffered damages as a result thereof in the amount found by the verdict of the jury. Nowlin v. Hall, 97 Tex. 441, 76 S. W. 806. All of said assignments are overruled.

[1] Mrs. Lipscomb, mother of appellee's wife, testified that shortly after the accident the injured woman came to her house, got out of the buggy and came into the house; that she lay on the bed and commenced to vomit, and that she made complaint about her suffering pain, saying, "My side hurts me, my side hurts me so bad, and my head hurts, and my right limb hurts me"; that she complained of pain in her side every few minutes, and would vomit. This testimony was seasonably objected to by defendant and the objection overruled, and its admission is made the basis of the seventh assignment of error. Appellant contends by its proposition that the statements and declarations made by appellee's wife to Mrs. Lipscomb were not res gestæ, but were irrelevant and self-serving declarations, and were inadmissible over the objections urged. It was shown that appellee's wife drove directly and immediately from the place of the accident to her mother's house, which was only a short distance. The testimony was properly admitted. Wheeler v. Railway, 91 Tex. 359, 43 S. W. 876; Railway v. Barron, 78 Tex. 421, 14 S. W. 698; Railway v. Shafer, 54 Tex. 641; Jackson v. Railway, 23 Tex. Civ. App. 319, 55 S. W. 376; Railway v. Kuehn, 2 Tex. Civ. App. 215, 21 S. W. 58; Galveston v. Barbour, 62 Tex. 173, 50 Am. Rep. 519. The assignment is overruled.

[2] It appears from the transcript that appellant assigned errors upon the admission of certain testimony of Dr. Morrison, and upon the charge of the court on the measure of damages, but these assignments are not copied in appellant's brief, and therefore under the rules will be regarded as waived. Rule 29 (67 S. W. xv).

We find no error in the record, and the judgment is affirmed.

Affirmed.