Christopher W. Mims, Dallas, for appellant.

Frederick C. Shelton, Jr., Hunt County Atty., Greenville, for appellee.

Before ROBERTSON, CARVER and AKIN, JJ.

CARVER, Justice.

From a judgment granting a limited guardianship of the person and estate of Joe Allen Petty, Petty's attorney, Christopher W. Mims, prosecutes this appeal in his own behalf complaining that the trial court failed to include in its judgment an award to Mims of an attorney's fee against Hunt County, Texas. Mims contends that since Petty was unable to pay, Hunt County became 'responsible' for his fee under section 130G of the Probate Code (Vernon 1980). We affirm because Mims' right to sue the county was conditioned that (and the record fails to show) Mims had first presented his claim to the Commissioner's Court of the county and that such court had neglected or refused to audit and allow the claim or any part thereof.

The limited guardianship proceedings against Joe Allen Petty was the subject of

**Christopher W. MIMS, Appellant,**

v.

**HUNT COUNTY, Texas, Appellee.**

No. 20549.

Court of Civil Appeals of Texas, Dallas.

May 7, 1981.

an earlier opinion by this court in *Petty v. Petty*, 592 S.W.2d 423 (Tex.Civ.App.—Dallas 1979, no writ). Our former opinion held that the process initially served upon Joe Allen Petty was inadequate and reversed and remanded the proceedings. After remand, new process was served upon Petty who answered with general denial and an allegation that, "Defendant's estate is insufficient to pay for an attorney." The prayer of Petty's answer asked that the limited guardianship be denied and "that Hunt County pay his attorney a reasonable fee for legal services as required by law." No notice or process of any kind is reflected in our record to either inform Hunt County of the claim against it or to make Hunt County a party to the proceeding nor does Mims plead that his claim had been presented to, and denied by, the Commissioner's Court of Hunt County.

On April 24, 1980, trial was had before the court with Petty's parents and their attorney prosecuting the application for limited guardianship and Petty and his attorney, Mims, defending. The court rendered judgment granting the limited guardianship, naming both parents as guardians, fixing the guardians' powers, and setting the guardians' bond. The judgment is silent as to Petty's plea for a fee to his attorney, but our statement of facts shows the court pronounced in open court that the attorney's fee was denied. Mims, in his own name, filed a motion for new trial limited to the attorney's fee issue and this motion was denied. Mims, in his own name, then requested findings and conclusions to which the court responded with a finding, among others, that, "7. Joe Allen Petty is not able to pay costs of counsel." The statement of facts contains no testimony as to the claim of Mims having been presented to the Commissioner's Court or as to the neglect or refusal of such court to audit and allow the same and, consistently, the court's findings are silent thereon.

Mims urges on appeal that since the trial court found that Petty was unable to pay counsel, the trial court erred in failing to enter judgment for a reasonable fee in favor of Mims and against Hunt County because section 130G of the Probate Code (Vernon 1980) makes Hunt County responsible therefor. Section 130G provides:

The person alleged to be mentally retarded shall be present at the hearing, unless the court determines that such personal appearance would not be in the person's best interest. He is entitled to be represented by counsel. *If he is unable to pay for counsel, the county is responsible for costs of counsel.* He is entitled, on request, to a jury trial. The hearing may be closed if the person alleged to be mentally retarded or his counsel requests a closed hearing. At the hearing, the court shall:

(1) inquire into the nature and extent of the general intellectual functioning of the individual asserted to need a limited guardian;

(2) evaluate the extent of the impairment in his adaptive behavior;

(3) ascertain his capacity to care for himself and manage his property; and

(4) inquire into the qualifications, abilities, and capabilities of the person seeking to be appointed limited guardian. [Emphasis added]

We do not disagree that the finding by the trial court of Petty's inability to pay counsel made the county 'responsible' as stated by section 130G; however, before we can hold that Mims was entitled to judgment in a suit thereon, the record must also reflect that the claim upon which Mims seeks his judgment was first presented to the Commissioner's Court of Hunt County and such court neglected or refused to audit and allow the same or any part thereof. Tex. Rev.Civ.Stat.Ann. art. 1573 (Vernon 1962) declares that:

No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the commissioner's court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof.

It can hardly be disputed that Hunt County was 'sued' by Mims since he sought a judgment against the county in the trial court

and continues to seek his judgment here. In *Smith v. McCoy*, 533 S.W.2d 457 (Tex. Civ.App.—Dallas 1976, no writ), this court held that, "under the constitution and legislative enactment, a delicate system of checks and balances exists to protect the funds of the county," citing article 1573, *supra.* We hold that Mims failed to show himself entitled to a judgment against Hunt County, because although he proved Petty's inability to pay so as to make the county responsible under section 130G, he failed to show compliance with article 1573 so as to be able to maintain his suit.

We do not address other issues raised by this record since they are not briefed or argued. Specifically, we do not pass upon (1) whether the probate court has jurisdiction to hear and determine a claim by Mims against Hunt County for attorney's fees in a limited guardianship proceeding, (2) whether Hunt County was before the probate court in any manner sufficient as 'due process' under our constitution and statutes so as to warrant any judgment against Hunt County and in favor of Mims, or (3) whether Hunt County may be adjudged liable on the merits of Mims' claim without an opportunity to confront Mims' evidence or to offer evidence in its own behalf.

Affirmed.