Salvador ROSALES, Appellant,

v.

BRAZORIA COUNTY, Appellee.

No. 9667.

Court of Appeals of Texas,
Texarkana.

Jan. 4, 1989.

Rehearing Denied Jan. 31, 1989.

Julie R. Hurley, Goodwin & Munisteri, Houston, for appellant Concha Francisco Vilches.

Benito Pena, Houston, for appellant Salvador Rosales.

Henry W. Prejean, Jr., Asst. Dist. Atty., Angleton, for appellee.

CORNELIUS, Chief Justice.

The question presented in this appeal is whether, in a suit against a county for damages under the Tort Claims Act,[1] notice of the claim must be given to the county judge or the commissioners court, as distinguished from other county officers or representatives. We conclude that effective notice can be given to other representatives.

This action arose from a three-vehicle collision in Alvin, Texas. Concha Francisco Vilches was driving a pickup truck owned by Salvador Rosales when he entered an intersection and collided with a county-owned car driven by Michael DeJongh, a Brazoria County deputy sheriff. DeJongh's car then collided with a vehicle driven by Barbara Smith. It is conceded that DeJongh was in the scope of his employment at the time and was not responding to an emergency call.

The Brazoria County sheriff's department was advised of the accident immediately after it occurred. Two sheriff's deputies were sent to investigate. They gathered information for a fleet accident report and an internal investigation report. An official accident report prepared by the Alvin police department was sent to the Brazoria County sheriff's department a few days after the accident. A copy was placed in DeJongh's personnel file and another copy was sent to the Brazoria County treasurer.

Gene and Barbara Smith sued Rosales and Vilches. They later amended their petition, adding Brazoria County and DeJongh as defendants. Rosales filed a third-party action against Brazoria County, seeking contribution. The trial court granted a partial summary judgment against Rosales and in favor of Brazoria County on the ground that Rosales failed to comply with the notice provisions of the Tort Claims Act.

1. Tex.Civ.Prac. & Rem. Code Ann. §§ 101.001, et seq. (Vernon 1986 & Supp.1989).

To assert a cause of action against a governmental unit under the Tort Claims Act, the unit must receive the notice required by Tex.Civ.Prac. & Rem.Code Ann. § 101.101 (Vernon 1986).[2] Formal notice is not required, however, if the governmental unit has actual notice. The purpose of the notice is to insure a prompt recording of claims and to enable the governmental unit to investigate and gather information to guard against unfounded claims. *City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex.1981).

Brazoria County contends that, in a suit against a county under the Tort Claims Act, the notice must be directly communicated to the county judge or the county commissioners, since they are the governing body of the county and are the only officials who can receive notices that bind the county.[3]

Actual notice provisions are not limited to particular local government officials. If an agent or representative who received notice had a duty to gather facts and report, the notice is imputed to the government. *City of Galveston v. Shu,* 607 S.W.2d 942 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *City of Texarkana v. Nard,* 575 S.W.2d 648 (Tex.Civ. App.—Tyler 1978, writ ref'd n.r.e.). The rule of agency does not apply, however, when suit is against the State. *Vela v. Cameron County,* 703 S.W.2d 721 (Tex. App.—Corpus Christi 1985, writ ref'd n.r. e.).

Brazoria County argues that county government is more analogous to state government than to city government, and that the rule of agency should not apply to counties. We disagree. There are cogent reasons why the rule of agency does not apply to the State. State government is vast and compartmentalized. It is divided into three equal branches—legislative, executive and judicial—each separate and independent of the other. There is no duty for one branch to report to another branch, and no power in one to control or supervise the other. *See Vela v. Cameron County,* supra.

With respect to counties, however, the county as a whole constitutes the governmental unit. The commissioners court is the governing body. *Tarrant County v. Ashmore,* 624 S.W.2d 740 (Tex.App.—Fort Worth 1981), *rev'd on other grounds,* 635 S.W.2d 417 (Tex.1982), *cert. denied,* 459 U.S. 1038, 103 S.Ct. 452, 74 L.Ed.2d 606 (1982). Although county officials are elected and accountable to the people, they work closely with the commissioners court and are subject to certain administrative supervision from that body. The sheriff is not a separate unit of government within the meaning of the Tort Claims Act. *County of Brazoria v. Radtke,* 566 S.W.2d 326 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.); *see also, Beard v. Hambrick,* 396 So.2d 708 (Fla.1981).

Under the current facts, we conclude that Brazoria County had effective notice. When the governmental unit has notice of the injury, its probable fault, and the names and addresses of all involved, the notice requirement is fulfilled. The intention to file a claim is not an essential element of actual notice. *Tarrant County Hospital District v. Ray,* 712 S.W.2d 271 (Tex.App.—Fort Worth 1986, writ ref'd n.r. e.); *City of Denton v. Mathes,* 528 S.W.2d 625 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.).

---

2. Tex.Civ.Prac. & Rem.Code Ann. § 101.101 (Vernon 1986) provides:

   (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
   (1) the damage or injury claimed;
   (2) the time and place of the incident; and
   (3) the incident.
   ....

   (c) The notice requirements ... do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

3. The requirement of Tex. Local Gov't Code Ann. § 81.041 (Vernon 1988), formerly Tex.Rev. Civ.Stat.Ann. art. 1573 (repealed 1987), that notice of claims against counties must be given to the commissioners court, does not apply to actions under the Tort Claims Act. *Harris County v. Dowlearn,* 489 S.W.2d 140 (Tex.Civ.App.— Houston [14th Dist.] 1972, writ ref'd n.r.e.).

The sheriff's department sent its investigators to the scene immediately after the accident and filed an internal investigation report, as well as a fleet accident report. This actual notice was imputed to the county, because it came to the officers of the sheriff's department as representatives of the county at a time when they were charged with a duty to gather the facts surrounding the accident and to report to the county, by way of the internal report. *See City of Texarkana v. Nard,* supra.

Since the failure to give direct notice to the county judge or commissioners court does not conclusively defeat Rosales' cause of action, summary judgment was not proper. The judgment is reversed and the cause is remanded for trial.