**Jim BOWLES, Sheriff of Dallas County, and Dallas County, Appellants,**

**v.**

**Rick WADE d/b/a A Way Out Bail Bonds, Tammy Lynn Waggoner d/b/a Texas Bonding, Herman Herndon d/b/a Metroplex Bail Bond Service, and Richard Scott d/b/a Credit Bail Bonds, Appellees.**

No. 05–94–01833–CV.

Court of Appeals of Texas, Dallas.

Oct. 26, 1995.

Rehearing Overruled Dec. 8, 1995.

Thomas F. Keever, Assistant District Attorney, Dallas, for Appellants.

G. Leroy Street, Ronald D. Gray, Geary Porter & Donovan, P.C., Dallas, for Appellees.

Before LAGARDE, OVARD and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

Sheriff Jim Bowles and Dallas County appeal the trial court's judgment in favor of Wade, Waggoner, Herndon, and Scott (collectively "Wade"). In ten points of error, appellants assert the trial court erred in: (1) finding that Wade had sustained damage; (2) holding Dallas County and Sheriff Bowles liable for refund of bail bond approval fees; (3) holding Sheriff Bowles liable for four times the bail bond approval fees charged under article 3909;[1] (4) awarding prejudgment and postjudgment interest on article 3909 damages; (5) holding that bail bond approval fees violated the Texas Constitution; (6) applying a four year statute of limitations; (7) applying *Camacho v. Samaniego*, 831 S.W.2d 804 (Tex.1992), retroactively; (8) finding that Wade's claims were not barred by laches; and (9) awarding Wade attorney's fees. In a cross-point of error, Wade asserts the trial court erred in not

---

1. Article 3909 was repealed and the relevant portion was recodified as section 118.801 of the Texas Local Government Code. *See* TEX. LOCAL GOV'T CODE ANN. § 118.801 (Vernon Supp.1995); Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 34, 1993 Tex.Gen.Laws 583, 972 (enacting section 118.801); Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 34, 1993 Tex.Gen.Laws 583, 986 (repealing article 3909).

An officer named in this chapter who demands and receives a higher fee than authorized under this chapter or a fee that is not authorized under this chapter is liable to the aggrieved person for four times the amount unlawfully demanded and received.

TEX. LOCAL GOV'T CODE ANN. § 118.801.

holding Dallas County liable for Sheriff Bowles's article 3909 liability.

Because we conclude the trial court did not have subject matter jurisdiction in this cause, we do not reach the merits of appellants' or Wade's arguments on appeal. We vacate the trial court's judgment and dismiss the cause.

## FACTUAL AND PROCEDURAL BACKGROUND

Beginning in 1981, Dallas County, through commissioners court orders, set fees to be charged for the taking and approving of bail bonds by the Dallas County Sheriff.[2] We will refer to these fees as "bail bond approval fees." All persons posting a bail bond, whether a licensed bail bondsperson, attorney, or private individual, were required to pay the bail bond approval fee.

From February 15, 1989 to June 17, 1992, Dallas County also charged a fee for filing an affidavit to go off bond. We will refer to these fees as "ATGOB fees." The commissioners court did not authorize these fees.

All bail bond approval fees and ATGOB fees were deposited into the general fund of Dallas County. The parties stipulated that Sheriff Bowles did not use any of the fees for his personal gain or economic benefit.

The commissioners court had authorized the collection of the bail bond approval fees under color of Texas Revised Civil Statute article 3926a.[3] On May 6, 1992, the Texas Supreme Court ruled that counties did not have the authority to collect bail bond approval fees under authority of article 3926a. *See Camacho v. Samaniego*, 831 S.W.2d 804 (Tex.1992). The supreme court held that article 3926a applied only to civil matters and that the bond approval fees were illegal and unauthorized. *Camacho*, 831 S.W.2d at 812–15.

Wade[4] filed a declaratory judgment action against Dallas County and Sheriff Bowles on June 11, 1992. Wade sought recovery of the bail bond approval fees, ATGOB fees, and statutory penalties. Sheriff Bowles and Dallas County answered, asserting among other defenses, that: Wade lacked standing;[5] sovereign immunity barred Wade's claims against Dallas County; various claims of derivative immunity and governmental immunity barred Wade's claims against Sheriff Bowles; limitations and laches barred Wade's claims; and *Camacho* should be given prospective application only.

The parties submitted their claims and defenses to the trial judge for trial based on stipulated facts. The trial judge found that collection of the fees constituted an unlawful and involuntary taking in violation of the Texas Constitution. Wade was awarded recovery in an amount equal to the bond approval and ATGOB fees charged from February 15, 1989 through June 17, 1992. The trial court also awarded Wade prejudgment and postjudgment interest and attorney's fees. The foregoing awards were against Sheriff Bowles and Dallas County. In addition to the foregoing, the trial court awarded Wade recovery against Sheriff Bowles pursuant to Texas Revised Civil Statute article 3909.

■ After submission on appeal, we addressed the question of the trial court's subject matter jurisdiction *sua sponte.*

---

**2.** The county suspended collection of the fees between May 2, 1988 and May 6 or 8, 1989 in response to a Texas Attorney General Opinion which questioned the constitutionality of the fees. *See* Op. Tex. Att'y Gen. No. JM–880 (1988). Collection of the fees resumed after a federal district court rejected federal and state constitutional challenges to bail bond fees.

**3.** Article 3926a has been recodified as Texas Local Government Code section 118.131. *See* Tex. Local Gov't Code Ann. § 118.131 (Vernon 1988 & Supp.1995).

**4.** Appellant Richard Scott intervened on September 1, 1994.

**5.** The standing argument made by appellants at trial and on appeal is different from the one upon which this Court bases its dismissal of the cause. In their first point of error, appellants asserted the trial court erred in entering judgment against them because Wade did not suffer any damage or economic injury because he collected the approval fees from his clients (the pass-on defense). Appellants rely on *United States v. Jefferson Electric Manufacturing Co.*, 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859 (1934). Appellants' argument was that Wade was not damaged; therefore, he lacked standing. We do not reach the merits of this contention.

Specifically, we questioned whether Wade had satisfied local government code section 81.041(a) [6] and the effect of failing to satisfy this section on Wade's standing and the trial court's subject matter jurisdiction. Because standing is a component of subject matter jurisdiction, it is appropriate for us to raise the issue *sua sponte* and address it for the first time on appeal. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex.1993).

We advised the parties of our concerns regarding the trial court's and this Court's jurisdiction through a letter and a subsequent order. The parties were given an opportunity to file briefs and additional materials bearing upon Wade's standing.[7] *See* TEX. GOV'T CODE ANN. § 22.220(c) (Vernon 1988); *Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 470 n. 10 (Tex.App.—Dallas 1994, writ denied).

We have reviewed the parties' responses to our inquiries and the relevant statutory and case law. We conclude Wade did not present his claims to the commissioners court prior to filing suit and had no standing to invoke the trial court's jurisdiction. Therefore, this Court has jurisdiction only to vacate the trial court's judgment and dismiss the cause.

## THE TRIAL COURT'S SUBJECT MATTER JURISDICTION

### A. Applicable Law

#### 1. Standing to Bring Suit Against a County

■ Local government code section 81.041(a) provides:

> A person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and

the commissioners court has neglected or refused to pay all or part of the claim.

TEX. LOCAL GOV'T CODE ANN. § 81.041(a) (Vernon 1988). Texas courts have long held that the presentment requirement contained in the earlier enactments of section 81.041(a) is a prerequisite that must be satisfied before a litigant has the right to institute and maintain suit against a county. *See Anderson v. Ashe*, 99 Tex. 447, 90 S.W. 872, 874 (1906); *Mims v. Hunt County*, 620 S.W.2d 664, 666 (Tex.Civ.App.—Dallas 1981, no writ); *Wade v. Jackson County*, 547 S.W.2d 371, 373–74 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Lovell v. Bynum*, 315 S.W.2d 20, 22 (Tex.Civ.App.—Austin 1958, writ ref'd n.r.e.); *McLennan County v. Miller*, 257 S.W. 680, 681 (Tex.Civ.App.—Waco 1923, no writ); *Bogue v. Van Zandt County*, 138 S.W. 1065, 1066 (Tex.Civ.App.—Dallas 1911, no writ); *Yantis v. Montague County*, 50 Tex. Civ.App. 403, 110 S.W. 161, 162 (Fort Worth 1908, no writ); *Presido County v. Jeff Davis County*, 13 Tex.Civ.App. 115, 35 S.W. 177, 178 (San Antonio 1896, writ ref'd). Unless the presentment requirement is satisfied, "suit … cannot be maintained" against a county. *Norwood v. Gonzales County*, 79 Tex. 218, 14 S.W. 1057, 1058 (1891). The same proposition has been stated in terms of satisfaction of the presentment requirement being a "condition precedent to the filing of a suit." *Farmers State Bank v. Bowie County*, 127 Tex. 641, 95 S.W.2d 1304, 1306 (1936).

■ The language the legislature used in article 81.041, "[a] person may not sue," speaks directly to a litigant's right to invoke a trial court's jurisdiction. Indeed, the language the legislature used in article 81.041(a) goes more directly to the litigant's right to sue than did the language used in the earlier enactments.[8] In view of the express lan-

---

**6.** Local government code section 81.041(a) provides:

> A person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim.

TEX. LOCAL GOV'T CODE ANN. § 81.041(a) (Vernon 1988).

**7.** Wade sought a writ of mandamus from the Texas Supreme Court to prevent this Court from

conducting the jurisdictional inquiry. The supreme court denied Wade leave to file his petition for writ of mandamus. *Wade v. Fifth Ct. App.*, 38 Tex.Sup.Ct.J. 1191 (Sept. 16, 1995) (order pronounced September 1, 1995).

**8.** The earlier enactments were in terms of "[n]o county shall be sued…." *See Ashe*, 90 S.W. at 874; *Mims*, 620 S.W.2d at 665; *Wade*, 547

guage of section 81.041(a) and the relevant case law, we conclude that satisfaction of article 81.041(a) is necessary before a litigant has standing to invoke a trial court's subject matter jurisdiction.[9] Stated otherwise, a trial court has no subject matter jurisdiction over a claim against a county unless the claim has first been presented to the commissioners court and the commissioners court has denied or neglected the claim.

■ Holding that section 81.041(a) is a legislatively mandated standing requirement is well precedented. There are constitutional standards setting forth a party's standing.[10] Additionally, in some other contexts, the legislature has established standards governing a litigant's right to invoke a court's subject matter jurisdiction. For example, to invoke a trial court's subject matter jurisdiction to adjudicate a claim under the Commission on Human Rights Act,[11] the complaining party must first present the claim to the Texas Commission on Human Rights. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 488 (Tex.1991). If the claim is not presented to the commission, the litigant does not have the right to have the claim adjudicated in a judicial court. *See Schroeder,* 813 S.W.2d at 488. An employer wanting to obtain reimbursement of advance payments of worker's compensation benefits must first present its claim to the Texas Worker's Compensation Commission. *Ankrom v. Dallas Cowboys Football Club, Ltd.,* 900 S.W.2d 75, 77 (Tex. App.—Dallas 1995, writ denied) ("A party's failure to obtain an administrative ruling on an issue arising under the worker's compen-

sation statute prevents the party from later invoking the jurisdiction of the district court to resolve the issue."). Generally, a litigant that fails to exhaust its available administrative remedies under the tax code cannot invoke a trial court's jurisdiction. *Dallas County Appraisal Dist.,* 887 S.W.2d at 470. In order to appeal a decision of Texas State Board of Dental Examiners, a litigant must first strictly comply with the Administrative Procedure Act.[12] *Simmons v. Texas State Bd. of Dental Examiners,* — S.W.2d —, — - —, No. 12–94–00174–CV slip op. at 3–4 [1995 WL 510598] (Tex.App.—Tyler Aug. 30, 1995, n.w.h.) ("[W]hen judicial review is set out by statute, its provisions must be strictly complied with in order to vest the district court with jurisdiction."). We hold that the presentment requirement of section 81.041(a) is analogous to the foregoing statutory standing requirements.

## 2. Standing and Its Effect on Trial Court and Appellate Court Jurisdiction

■ Standing addresses a party's right to invoke a court's subject matter jurisdiction. *Texas Ass'n of Business,* 852 S.W.2d at 441 n. 1; *Nationwide Property & Casualty Ins. Co. v. McFarland,* 887 S.W.2d 487, 490 (Tex.App.—Dallas 1994, writ denied). Standing, as a component of subject matter jurisdiction, cannot be presumed and cannot be waived. *Texas Ass'n of Business,* 852 S.W.2d at 443–44.

---

S.W.2d at 373; *Bogue,* 138 S.W. at 1066; *Yantis,* 110 S.W. at 161; *Presido County,* 35 S.W. at 178.

**9.** Other appellate courts have held that there are exceptions to the presentment requirement. Two appellate courts have held that the presentment requirement does not apply to claims brought under the Texas Tort Claims Act because the tort claims act has its own notice requirement which supplants section 81.041(a). *See Rosales v. Brazoria County,* 764 S.W.2d 342, 344 (Tex.App.—Texarkana 1989, no writ); *Harris County v. Dowlearn,* 489 S.W.2d 140, 145 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). The Fort Worth court of appeals held that an exception applied where the plaintiff does not seek "recovery of a debt or damages." *See Comanche County v. Burks,* 166 S.W. 470, 474 (Tex.Civ. App.—Fort Worth 1914, writ ref'd). In view of

more recent cases on subject matter jurisdiction and notice requirements, we express no opinion on the correctness of these holdings.

**10.** The separation of powers doctrine prohibits courts from issuing advisory opinions. *Texas Ass'n of Business,* 852 S.W.2d at 444; *see* TEX. CONST. art. II, § 1. The Open Courts Clause of the Texas Constitution limits courts' jurisdiction to cases in which the litigant has been threatened with or has sustained an injury. *Texas Ass'n of Business,* 852 S.W.2d at 444; *see* TEX. CONST. art. I, § 13.

**11.** TEX.LAB.CODE ANN. §§ 21.001–21.306 (Vernon Pamph.1995).

**12.** TEX.GOV'T CODE ANN. §§ 2001.001–2001.902 (Vernon Pamph.1995).

We must inquire into our own jurisdiction, even if it is necessary to do so *sua sponte*. Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken. If the trial court lacked jurisdiction, then an appellate court only has jurisdiction to set the judgment aside and dismiss the cause.

*Dallas County Appraisal Dist.*, 887 S.W.2d at 468.

Wade had the burden of alleging facts affirmatively showing that the trial court had subject matter jurisdiction. *Texas Ass'n of Business*, 852 S.W.2d at 446; *Dallas County Appraisal Dist.*, 887 S.W.2d at 469. When reviewing subject matter jurisdiction *sua sponte*, we construe the allegations in the pleading in favor of the pleader and, if necessary, examine the entire record to determine if there is evidence establishing subject matter jurisdiction. *Dallas County Appraisal Dist.*, 887 S.W.2d at 469. Additionally, as the extent of the trial court's jurisdiction bears on our jurisdiction, we may review evidence filed with this Court when reviewing subject matter jurisdiction *sua sponte*. *See* TEX. GOV'T CODE ANN. § 22.220(c); *Dallas County Appraisal Dist.*, 887 S.W.2d at 470 n. 10.

### 3. County Officials Sued in Their Official Capacities

Wade's claims against Sheriff Bowles in his official capacity are one and the same as his claims against Dallas County and are subject to the same subject matter jurisdiction analysis. If the trial court did not have subject matter jurisdiction over Wade's claims against Dallas County, it did not have subject matter jurisdiction over Wade's claims against Sheriff Bowles in his official capacity.

A sovereign entity, such as a county, acts through its officers. *See Stephens v. Texas & Pac. Ry. Co.*, 100 Tex. 177, 97 S.W. 309, 311–12 (1906). Suits against public officials in their official capacity are in reality suits against the entities for whom they work.[13] *See Alcorn v. Vaksman*, 877 S.W.2d 390, 403 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 738 (Tex.App.—Austin 1994, writ denied); *Thomas v. Crow*, 862 S.W.2d 719, 721 (Tex.App.—Tyler 1993, no writ); *Thomas v. Collins*, 853 S.W.2d 53, 55 (Tex. App.—Corpus Christi 1993, writ denied); *see also Burton v. Rogers*, 504 S.W.2d 404, 406 (Tex.1973).

County officers, such as sheriffs, are elected by and accountable to the people. *Rosales v. Brazoria County*, 764 S.W.2d 342, 344 (Tex.App.—Texarkana 1989, no writ). However, such officials work closely with the commissioners court and are subject to a certain amount of administrative supervision from that body. *See Rosales*, 764 S.W.2d at 344. A sheriff is not a separate unit of government within the meaning of the Texas Tort Claims Act. *Harris County v. Dillard*, 841 S.W.2d 552, 557 (Tex.App.—Houston [1st Dist.] 1992), *rev'd on other grounds*, 883 S.W.2d 166 (Tex.1994); *Rosales*, 764 S.W.2d at 344. We hold that a sheriff, sued in his official capacity, is not an entity distinct from the county. Wade's claims against Sheriff Bowles in his official capacity are claims against Dallas County and are subject to the same jurisdictional analysis.

### B. Application of Law to Facts

Wade did not plead that he presented his claims to the commissioners court prior to filing suit. In response to our letter and order, Wade has not alleged or presented

**13.** Personal capacity suits seek to impose personal liability upon a government official for action he takes under color of state law. Official capacity suits, in contrast 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.

*Kentucky v. Graham*, 473 U.S. 159, 166–67, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (citations omitted). The Supreme Court also noted that a judgment against a public servant in his official capacity imposes liability on the entity he represents. *Graham*, 473 U.S. at 169, 105 S.Ct. at 3107; *accord Gonzalez v. Avalos*, 866 S.W.2d 346, 349 (Tex.App.— El Paso 1993, writ dism'd w.o.j.).

evidence showing he presented his claim to the commissioners court prior to filing suit.

▋ Wade asserts this Court should rely on a statement in appellants' brief which provided that the claims had been presented to the commissioners court and the commissioners court refused to pay the claims. Rule of appellate procedure 74(f) gives us the discretion to accept statements made in an appellant's brief as true. TEX.R.APP.P. 74(f). We are not obligated to do so.

In response to our jurisdictional inquiry, appellants filed an affidavit recanting the statement they made in their brief. In the affidavit, appellants' counsel testified that after the instant suit was filed, settlement of the lawsuit was discussed with the commissioners court. Appellants' affidavit also provides that they reviewed the records of the Civil Section of the Dallas County Criminal District Attorney's Office and the records of the Dallas County Commissioners Court and found nothing showing that Wade's claims were presented to the commissioners court prior to Wade's filing suit. Instead, Wade's claims were brought to the attention of the commissioners court *after* suit was filed, in the context of a settlement proposal.

▋ Section 81.041(a) requires presentment *before* suit is filed. *See* TEX. LOCAL GOV'T CODE ANN. § 81.041(a); *see also Farmers State Bank*, 95 S.W.2d at 1306 (holding that satisfaction of the presentment requirement is a "condition precedent to the filing of a suit"); *Yantis*, 110 S.W. at 161 (holding that a predecessor statute "prohibits the institution of the suit" until the presentment requirement has been satisfied). Because the purpose of section 81.041(a) is to advise the commissioners court of the claim and afford it an opportunity to investigate and adjust it without litigation, a contrary interpretation would defeat the purpose of the statute. *See Southern Sur. Co. v. McGuire*, 275 S.W. 845, 847 (Tex.Civ.App.—El Paso 1925, writ ref'd); *Williams v. Bowie County*, 58 Tex.Civ.App. 116, 123 S.W. 199, 200 (Texarkana 1909, no writ).

In his petition, Wade pleaded that "Sheriff Bowles is an individual sued in his capacity as the duly elected sheriff of Dallas County,

Texas." In his cross-point of error on appeal, Wade asserts the trial court erred in not holding Dallas County liable for the article 3909 damages awarded against Sheriff Bowles because Sheriff Bowles was acting in his official capacity and was sued in that capacity. Thus, while Wade may have named Sheriff Bowles separately in his petition, the only entity he sued was Dallas County.

Wade did not present his claims against the county to the commissioners court prior to filing the instant lawsuit. The commissioners court's review of a settlement proposal regarding disposition of Wade's lawsuit *after suit was filed* does not satisfy section 81.041(a). We hold that Wade failed to meet his burden of pleading and establishing that he had standing. The trial court did not have subject matter jurisdiction over the claims Wade asserted in his lawsuit.

### WADE'S JURISDICTIONAL ARGUMENTS

Wade raises several arguments in his responses to our letter and order regarding jurisdiction. We have reviewed Wade's arguments and find them meritless.

Wade argues that the Texas Supreme Court's opinion in *Rains v. Mercantile National Bank*, 144 Tex. 466, 191 S.W.2d 850 (1946) is dispositive of the jurisdictional inquiry. Wade is vague as to why *Rains* is dispositive. As we read Wade's argument, he asserts *Rains* is dispositive because the supreme court held that a county could not assert presentment as a ground for reversal because the issue was raised for the first time before the supreme court. *Rains* does not support Wade's argument. In *Rains*, the county asserted that the lower courts did not have jurisdiction over the claims because they were not presented to the commissioners court. *Rains*, 191 S.W.2d at 852. The supreme court disposed of the argument by noting that the record established that the claims had been presented and because the argument was not raised below. *Rains*, 191 S.W.2d at 852. The *Rains* court did not consider whether lack of compliance was a subject matter jurisdiction problem. We also note that prior to *Texas Association of Busi-*

*ness,* standing was not treated as a component of subject matter jurisdiction. To the extent that *Rains* might stand for the proposition that standing cannot be asserted for the first time on appeal, it is inconsistent with more recent, controlling jurisprudence. *See Tex. Ass'n of Business,* 852 S.W.2d at 445–46.

Wade's reliance on *Lewter v. Dallas County* is similarly misplaced. 525 S.W.2d 885 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.). *Lewter* was a summary judgment appeal. Dallas County tried to assert that the lower court's ruling was correct because Lewter had not presented his claim to the commissioners court. *Lewter,* 525 S.W.2d at 886. The court rejected Dallas County's effort to assert a new ground for summary judgment for the first time on appeal. As the *Lewter* court noted on rehearing, its opinion was based on the well-established rule that summary judgment is not a substitute for special exceptions. *Lewter,* 525 S.W.2d at 888. *Lewter* did not address the question of whether the presentment requirement was jurisdictional.

Wade asserts that compliance is "merely a condition precedent to the filing of a suit," citing *Farmers State Bank.* The *Farmers State Bank* court did refer to the presentment requirement as being a "condition precedent." *Farmers State Bank,* 95 S.W.2d at 1306. However, it is a condition precedent to a litigant's right to bring suit against a county and to a trial court's having subject matter jurisdiction over a suit against a county. Further, the *Farmers State Bank* court referred to the presentment requirement as "merely a condition precedent" in the context of rejecting the argument that the commissioners court's disposition of a claim under the statute should be given res judicata effect. *Farmers State Bank,* 95 S.W.2d at 1306. The subject matter jurisdiction implications of the presentment requirement were not addressed.

Wade argues, based on cases involving claims of sovereign immunity and notice provisions under city charters, that appellants have waived section 81.041(a) by not asserting it at trial. Because satisfaction of section 81.041(a) is jurisdictional, it cannot be waived

and is distinguishable from sovereign immunity and city charter notice requirements. *See Texas Ass'n of Business,* 852 S.W.2d at 443–44; *see also Hines v. Hash,* 843 S.W.2d 464, 468 n. 4 (Tex.1992) (noting that various statutory notice requirements have different consequences for noncompliance).

■ Wade asserts that section 81.041(a) does not apply to his claims because governmental immunity is not an available defense to his "takings" claims. The issue before us is not immunity from liability but subject matter jurisdiction. Thus, Wade's argument and authority have no bearing on our disposition of this cause.

Wade complains that "[b]ecause no specific documentation of a claim and rejection is required [under section 81.041(a)], Wade is unsure what 'evidence and materials' are requested in order to prove compliance with the statute." This Court's letter and order cited Wade to section 22.220(c) of the government code and *Jones v. Griege,* 803 S.W.2d 486, 488 (Tex.App.—Dallas 1991, no writ). The case law under section 22.220(c) and this Court's opinion in *Jones* make it clear that such evidence can be presented in various forms. In the instant case, an affidavit, correspondence with the commissioners court, or admissible copies of commissioners court minutes showing that presentment was made and denied or neglected prior to filing the lawsuit might have been sufficient.

Finally, Wade complains that he cannot conduct discovery and that the evidence of presentment, if any, is in the possession of appellants. Each of the appellees, or their attorneys, should know whether their claims were presented to the commissioners court. We also note that a significant portion of the activities of the commissioners court is public record and available upon request.

## DISPOSITION

The trial court did not have subject matter jurisdiction over Wade's causes of action. When an appellate court determines that a trial court lacked subject matter jurisdiction, it has only one proper course of action. *Dallas County Appraisal Dist.,* 887 S.W.2d at

468. We vacate the trial court's judgment and dismiss the cause.