Bradford CONDIT, Appellant,

v.

NUECES COUNTY and Carl Lewis, Individually and in his official capacity as Nueces County Attorney, Appellees.

No. 13–97–178–CV.

Court of Appeals of Texas, Corpus Christi.

July 30, 1998.

Bradford M. Condit, Corpus Christi, for appellant.

Walter D. Bryan, Asst. County Atty., Corpus Christi, for appellee.

Before DORSEY, HINOJOSA and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellant, Bradford Condit, appeals the trial court's granting of Nueces County's and Carl Lewis's motion for summary judgment and denying his cross-motion. We affirm in part and vacate and dismiss in part.

In 1989, Nueces County Sheriff's Deputies Javier Rivera and W.H. McNellis were sued in federal court by Jose Eligio de la Cruz for allegedly using excessive force while restraining him at the Nueces County Jail. At the trial court, Rivera and McNellis were represented by Condit, who was retained by Nueces County. The jury found that Rivera and McNellis acted outside the course and scope of their employment. Thereafter, Rivera and McNellis chose to appeal the trial court's verdict and requested by letter from Condit to County Attorney Carl Lewis that the commissioners court provide them with counsel in accordance with section 157.901 of the Texas Local Government Code.[1] No action was taken by the commissioners court and Rivera and McNellis retained Condit to preserve their appellate rights. On appeal, the trial court's verdict was reversed. Rivera and McNellis then sued Nueces County and County Attorney Carl Lewis, individually and in his official capacity, for reimbursement of their legal expenses in prosecuting the appeal. Their right to any reimbursement was subsequently assigned to Condit. All parties moved for summary judgment, which was granted as to Nueces County and Lewis and denied as to Condit. It is from this decision that Condit appeals.

While neither party briefed the issue of subject matter jurisdiction, we raise it *sua sponte*. Local government code section 81.041 is the authority by which a party has standing to bring suit against a county. *See* TEX. LOC. GOV'T CODE ANN. § 81.041 (Vernon 1988). "Because standing is a component of subject matter jurisdiction, it is appropriate for [this Court] to raise the issue *sua sponte* and address it for the first time on appeal." *Bowles v. Wade*, 913 S.W.2d 644, 647 (Tex. App.—Dallas 1995, writ denied) (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex.1993)). We, therefore, address the issue of Condit's standing to bring suit against Nueces County and Carl Lewis in his official capacity as County Attorney.[2]

Local government code section 81.041(a) provides: "[a] person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim." TEX. LOC. GOV'T CODE ANN. § 81.041(a) (Vernon 1988). The purpose of section 81.041(a) is "to advise the commissioners court of the claim and afford it an opportunity to investigate and adjust it without litigation." *Wade*, 913 S.W.2d at 650. It is well established in Texas jurisprudence that the presentment requirement of section 81.041(a) and its predecessor statutes is a "condition precedent" to initiating and maintaining suit against a county. *See Farmers State Bank v. Bowie County*, 127 Tex. 641, 95 S.W.2d 1304, 1306 (1936); *Anderson v. Ashe*, 99 Tex. 447, 90 S.W. 872, 874 (1906); *Wade*, 913 S.W.2d at 647; *Messer v. County of*

---

1. Section 157.901 provides that:
   (a) A county official or employee sued by any entity, other than the county with which the official or employee serves, for an action arising from the performance of a public duty is entitled to be represented by the district attorney of the district in which the county is located, or county attorney, or both.
   (b) If additional counsel is necessary or proper in the case of an official or employee provided legal counsel under Subsection (a) ..., the official or employee is entitled to have the commissioners court of the county employ and pay private counsel.
   TEX. LOC. GOV'T CODE ANN. § 157.901 (Vernon Pamph.1998).

2. Suit against a county official is a suit against the county for which he works. *See Morris v. Copeland*, 944 S.W.2d 696, 698 (Tex.App.—Corpus Christi 1997, no writ); *see also Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Harris County v. Walsweer*, 930 S.W.2d 659, 665 (Tex.App.—Houston [1st Dist.] 1996, writ denied); *Bowles v. Reed*, 913 S.W.2d 652, 655 (Tex.App.—Waco 1995, writ denied); *Bowles v. Wade*, 913 S.W.2d 644, 649, 649 n. 13 (Tex.App.—Dallas 1995, writ denied); *Winograd v. Clear Lake City Water Auth.*, 811 S.W.2d 147, 162 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

*Refugio,* 435 S.W.2d 220, 227 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.); *Lovell v. Bynum,* 315 S.W.2d 20, 22 (Tex.Civ.App.—Austin 1958, writ ref'd n.r.e.); *McLennan County v. Miller,* 257 S.W. 680, 681 (Tex.Civ.App.—Waco 1923, no writ); *Yantis v. Montague County,* 50 Tex.Civ.App. 403, 110 S.W. 161, 162 (1908, no writ); *Presido County v. Jeff Davis County,* 13 Tex.Civ.App. 115, 35 S.W. 177, 178 (1896, writ ref'd).[3]

■ It is incumbent upon the pleading party to allege sufficient facts to affirmatively show that the trial court had subject matter jurisdiction. *Texas Ass'n of Bus.,* 852 S.W.2d at 446; *see also Wade,* 913 S.W.2d at 649. When we review subject matter jurisdiction *sua sponte,* this Court construes the pleading party's allegations in their favor, and where necessary, we examine the entire record to ascertain whether there is any evidence establishing subject matter jurisdiction. *See Texas Ass'n of Bus.,* 852 S.W.2d at 446; *Wade,* 913 S.W.2d at 649.

Nowhere in Condit's pleadings does he allege he presented his claim to the commissioners court before he filed suit. In fact, having examined the entire record, we find there is no evidence Condit presented his claim to the commissioners court in compliance with section 81.041(a).[4] Because presentment of the claim is a condition precedent to initiating suit against a county and Condit failed to present his claim to the Nueces County Commissioners Court, the

trial court lacked subject matter jurisdiction over Condit's claim. Similarly, this Court lacks jurisdiction to address Condit's appeal. *See Dallas County Appraisal Dist. v. Funds Recovery, Inc.,* 887 S.W.2d 465, 471 (Tex.App.—Dallas 1994, writ denied) (citing *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935, 938 (Tex.1958) and holding appellate court's jurisdiction "extends no further than that of the court from which the appeal is taken"). Consequently, we must vacate and dismiss Condit's claim against Nueces County and Carl Lewis in his official capacity.

■ We next address Condit's sole point of error with regard to County Attorney Carl Lewis, in his individual capacity. Specifically, Condit contends the trial court abused its discretion in granting Lewis's summary judgment motion and denying his cross-motion because Lewis, in his individual capacity, owed a duty under section 157.901 to provide Rivera and McNellis with counsel on appeal. In support of this proposition, Condit cites several Attorney General opinions.[5] While Attorney General opinions are persuasive authority, Condit's cited authority does not stand for the proposition he espouses. In fact, we find no authority for the proposition that an official, in his individual capacity, owes any duty under the pertinent statute. Accordingly, we overrule Condit's sole point of error with regard to his claim against Carl Lewis individually.

---

3. We note that, while inapplicable to the case at bar, the courts have carved out a very limited exception to this rule where the statute that forms the basis of a party's complaint provides its own notice or exhaustion of remedies requirement. *See Gregg County v. Farrar,* 933 S.W.2d 769, 773 (Tex.App.—Austin 1996, writ denied) (holding that compliance with section 81.041 is not required where suit is brought under Whistleblower Act); *Harris County v. Dillard,* 841 S.W.2d 552, 557 (Tex.App.—Houston [1st Dist.] 1992) (holding that where suit is brought under Texas Tort Claims Act, plaintiff need not comply with section 81.041(a)), *rev'd on other grounds,* 883 S.W.2d 166 (Tex.1994); accord *Rosales v. Brazoria County,* 764 S.W.2d 342, 344 n. 3 (Tex.App.—Texarkana 1989, no writ); *Harris County v. Dowlearn,* 489 S.W.2d 140, 145–46 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.), *disapproved of in part on other grounds by State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 239 n. 3 (Tex.1992).

4. We note the record reveals Condit presented two letters to County Attorney Carl Lewis demanding that the commissioners court provide representation to Rivera and McNellis on appeal. However, these letters do not satisfy the presentment requirement for Condit's claim against the county. Even though Condit threatens to sue for attorney's fees if the commissioners court refuses to provide representation, both letters were presented to Lewis before Condit represented Rivera and McNellis on appeal. Therefore, he had not yet earned the legal fees for which he now seeks reimbursement. Additionally, Condit's letters did not present any *claim* to the commissioners court, which is contrary to the statute's purpose of providing the commissioners court an opportunity to investigate the claim and avoid costly litigation. *Wade,* 913 S.W.2d at 650.

5. Op. Tex. Att'y Gen. Nos. JM–968 (1988), JM–755 (1987).

We AFFIRM the trial court's judgment as to Carl Lewis individually and VACATE the trial court's judgment as to Nueces County and Carl Lewis in his official capacity and DISMISS the cause for want of jurisdiction.