Ward v. Malone









NUMBER 13-02-00587-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


CHARLES WARD, III, Appellant,


v.



CHARLES MALONE AND DIANA MALONE, Appellees.

 


On appeal from the County Court at Law Number Five


of Nueces County, Texas.


 


O P I N I O N



Before Justices Hinojosa, Yañez, and Garza


Opinion by Justice Hinojosa



 Appellant, Charles Ward, III, filed two forcible detainer suits against appellees,
Charles Malone and Diana Malone, in justice court following appellees' alleged default
under a contract for deed. After the justice court granted relief in one action and denied
relief in the other, the judgments were appealed to the county court at law and
consolidated. The county court at law denied appellant relief and granted appellees
attorney's fees. In two issues, appellant contends the trial court erred in denying his suit
for forcible detainer and awarding attorney's fees to appellees. We dismiss the appeal.

 Before we reach the merits of this case, we must first consider the matter of the trial
court's jurisdiction, as well as our own. See Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 443 (Tex. 1993). In considering the question of the trial court's jurisdiction,
we note that subject matter jurisdiction is never presumed and cannot be waived. Id. at
443-44; Garcia-Marroquin v. Nueces County Bail Bond Bd., 1 S.W.3d 366, 373 (Tex.
App.-Corpus Christi 1999, no pet.). Furthermore, it is appropriate for this Court to raise
the issue of subject matter jurisdiction sua sponte and address it for the first time on
appeal. Tex. Ass'n of Bus., 852 S.W.2d at 445-46; Condit v. Nueces County, 976 S.W.2d
278, 279 (Tex. App.-Corpus Christi 1998, no pet.). Appellate court jurisdiction of the
merits of a case extends no further than that of the court from which the appeal is taken. 
Dallas County Appraisal Dist. v. Funds Recovery, Inc., 887 S.W.2d 465, 468 (Tex.
App.-Dallas 1994, writ denied). If the trial court lacked jurisdiction, then the appellate court
only has jurisdiction to set the judgment aside and dismiss the cause. Id. It is incumbent
upon the pleading party to allege sufficient facts to affirmatively show that the trial court
has subject matter jurisdiction. Tex. Ass'n of Bus., 852 S.W.2d at 446; Condit, 976 S.W.2d
at 280. When we review subject matter jurisdiction sua sponte, this Court construes the
pleading party's allegations in his favor, and where necessary, we examine the entire
record to ascertain whether there is any evidence establishing subject matter jurisdiction. 
Tex. Ass'n of Bus., 852 S.W.2d at 446; Condit, 976 S.W.2d at 280. 

 Jurisdiction over forcible detainer actions is expressly given to the justice court of
the precinct where the property is located and, on appeal, to the county court for a trial de
novo. See Tex. Prop. Code Ann. § 24.004 (Vernon 2000); Aguilar v. Weber, 72 S.W.3d
729, 731 (Tex. App.-Waco 2002, no pet.); Home Sav. Ass'n v. Ramirez, 600 S.W.2d 911,
913 (Tex. Civ. App.-Corpus Christi 1980, writ ref'd n.r.e.). The disposition of this case
depends on the extent to which a county court has appellate jurisdiction.

 The appellate jurisdiction of a statutory county court is confined to the jurisdictional
limits of the justice court, and the county court has no jurisdiction over an appeal unless
the justice court had jurisdiction. Aguilar, 72 S.W.3d at 731. A justice court is expressly
denied jurisdiction to determine or adjudicate title to land. Tex. Gov't Code Ann. §
27.031(b) (Vernon Supp. 2003); see Ramirez, 600 S.W.2d at 913. Thus, neither a justice
court, nor a county court on appeal, has jurisdiction to determine the issues of title to real
property in a forcible detainer suit. See Tex. R. Civ. P. 746; Mitchell v. Armstrong Capital
Corp., 911 S.W.2d 169, 171 (Tex. App.-Houston [1st Dist.] 1995, writ denied).

 The forcible detainer action is the procedure by which the right to immediate
possession of real property is determined. Rice v. Pinney, 51 S.W.3d 705, 709 (Tex.
App.-Dallas 2001, no pet.) (citing Kennedy v. Highland Hills Apartments, 905 S.W.2d 325,
326 (Tex. App.-Dallas 1995, no writ)). It is a special proceeding governed by particular
statutes and rules. Rice, 51 S.W.3d at 709. It was created to provide a speedy, simple
and inexpensive means for resolving the question of the right to possession of real
property. Id. To preserve the simplicity and speedy nature of the remedy, the applicable
rule of civil procedure provides that "the only issue shall be as to the right to actual
possession; and the merits of the title shall not be adjudicated." Tex. R. Civ. P. 746; Rice,
51 S.W.3d at 705; Johnson v. Fellowship Baptist Church, 627 S.W.2d 203, 204 (Tex.
App.-Corpus Christi 1981, no writ). Thus, the sole issue in a forcible detainer action is who
has the right to immediate possession of the premises. Fandey v. Lee, 880 S.W.2d 164,
168 (Tex. App.-El Paso 1994, writ denied); Cuellar v. Martinez, 625 S.W.2d 3, 5 (Tex. Civ.
App.-San Antonio 1981, no writ); Johnson v. Highland Hills Drive Apartments, 552 S.W.2d
493, 495 (Tex. Civ. App.-Dallas 1977), writ ref'd n.r.e. per curiam, 568 S.W.2d 661 (Tex.
1978).

 To prevail in a forcible detainer action, a plaintiff is not required to prove title but is
only required to show sufficient evidence of ownership to demonstrate a superior right to
immediate possession. Rice, 51 S.W.3d at 709; Goggins v. Leo, 849 S.W.2d 373, 375
(Tex. App.-Houston [14th Dist.] 1993, no writ). However, where the right to immediate
possession necessarily requires resolution of a title dispute, the justice court has no
jurisdiction to enter a judgment and may be enjoined from doing so. Rice, 51 S.W.3d at
709; Haith v. Drake, 596 S.W.2d 194, 196 (Tex. Civ. App.-Houston [1st Dist.] 1980, writ
ref'd n.r.e.); see also Rodriguez v. Sullivan, 484 S.W.2d 592, 593 (Tex. Civ. App.-El Paso
1972, no writ) (justice court judgment void when possession depended on whether
defendant complied with contract for deed); Am. Spiritualist Ass'n v. Ravkind, 313 S.W.2d
121, 124 (Tex. Civ. App.-Dallas 1958, writ ref'd n.r.e.) (same). Because a forcible detainer
action is not exclusive, but is cumulative of any other remedy a party may have in the
courts of this state, the displaced party is entitled to bring a separate suit in the district
court to determine the issue of title. Scott v. Hewitt, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936); Rice, 51 S.W.3d at 709; Ramirez, 600 S.W.2d at 913; Martinez v. Beasley, 572
S.W.2d 83, 85 (Tex. Civ. App.-Corpus Christi 1978, no writ); see also Juneman v. Franklin,
67 Tex. 411, 3 S.W. 562, 563 (1887) (statute which created forcible detainer action in
justice courts did not impliedly abrogate landlord's common-law remedies, but created
additional summary method of regaining possession of premises). 

 In most situations, the parties in a forcible detainer suit are in a landlord-tenant
relationship. Home Sav. Ass'n, 600 S.W.2d at 913. One indication that a justice court, and
county court on appeal, is called on to adjudicate title to real estate in a forcible detainer
case - and, thus exceed its jurisdiction - is when a landlord-tenant relationship is lacking. 
Aguilar, 72 S.W.3d at 733; Rice, 51 S.W.3d at 712. 

 In the case before us, appellant and appellees entered into a contract for deed. A
contract for deed is an agreement by a seller to deliver a deed to property once certain
conditions have been met. Graves v. Diehl, 958 S.W.2d 468, 470 (Tex. App.-Houston
[14th Dist.] 1997, no pet.). These contracts typically provide that upon the making of a
down payment, the buyer is entitled to immediate possession of the property; however, the
seller is not obliged to deliver legal title to the property until the buyer pays the purchase
price in full. See id. at 471; see also Salinas v. Beaudrie, 960 S.W.2d 314, 319 (Tex.
App.-Corpus Christi 1997, no pet.). The purchase price is typically paid in installments
over a course of several years. Graves, 958 S.W.2d at 471. The legal effect of the
contract is the same as that of a deed with a retained vendor's lien. See Bucher v.
Employers Cas. Co., 409 S.W.2d 583, 584-85 (Tex. Civ. App.-Fort Worth 1966, no writ). 
 Several courts have held that despite the existence of a contract for purchase, or
contract for deed, the justice court and county court at law were not required to determine
the issue of title to resolve the right to immediate possession, and thus, did not exceed
their jurisdiction to issue a writ of possession. (1)
 However, in all of those cases, the contracts
at issue provided for a landlord-tenant relationship in the event of default, provided that the
buyers would become tenants-at-sufferance in the event of default, or provided that the
buyer was subject to a forcible detainer action upon default. 

 Here, the contract for deed does not provide that a default creates a landlord-tenant
relationship or tenancy-at-sufferance. Nor does the contract provide that in the event of
a default, appellant can institute a detainer suit to establish possession.

 Because the justice court and county court at law would be required to determine
the issue of title to resolve the right to immediate possession, we conclude they lacked
jurisdiction to consider this case. See Aguilar, 72 S.W.3d at 735; Mitchell, 911 S.W.2d at
171; Am. Spiritualist Ass'n, 313 S.W.2d at 125.

 Having concluded that the lower courts lacked jurisdiction to consider this case, we
need not address the merits of this appeal.

 Accordingly, we set aside the judgment of the trial court and dismiss this appeal for
want of jurisdiction.

 FEDERICO G. HINOJOSA

 Justice



Opinion delivered and filed this the

28th day of August, 2003. 
1. See Rice v. Pinney, 51 S.W.3d 705, 712 (Tex. App.-Dallas 2001, no pet.); Martinez v. Daccarett,
865 S.W.2d 161, 163-64 (Tex. App.-Corpus Christi 1993, no pet.); Home Sav. Ass'n v. Ramirez, 600 S.W.2d
911, 913-14 (Tex. Civ. App.-Corpus Christi 1980, writ ref'd n.r.e.); Haith v. Drake, 596 S.W.2d 194, 196 (Tex.
Civ. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.).