# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00479-CV

**Texas Department of Transportation, Appellant**

**v.**

**Edgar Jones; Alice Jones; Walter Merkel; Mary Ellen Merkel;
and Mona Loraine Odom, Appellees**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
## NO. 21,149, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, the Texas Department of Transportation challenges the district court's order denying its plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2003). The Department contends that this Court should reverse the district court's order and render judgment dismissing the appellees' claims for want of jurisdiction because the pleadings and evidence established that the Department was without actual notice of appellees' claims under the Texas Tort Claims Act[1] (the "Act"). *See id.* § 101.101(c) (West 1997). Additionally, the Department contends no legislative consent or statutory authority exists that

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1997 & Supp 2003).

permits Odom's contribution claim against the Department. We affirm the district court's denial of the plea to the jurisdiction.[2]

## Factual and Procedural Background

The basis for this lawsuit was an automobile collision that occurred on December 28, 2000. At 8:00 a.m., Mona Odom, driving on the inside southbound lane of U.S. Highway 281, approached a bridge over Lake Marble Falls. She was allegedly followed closely behind by a person who was driving recklessly. While Odom was crossing the bridge, the unknown driver suddenly passed her. Odom braked, lost control of her car, spun around, and collided with a northbound car driven by Alice Jones. Also in Jones's car were her husband, Edgar Jones, and Walter and Mary Ellen Merkel. Soon after the collision, Officer Thomas Dillard, the investigating officer for the Marble Falls Police Department and his supervisor, Officer Larry Jones, arrived at the scene. The officers closed the bridge to traffic, and the Joneses and the Merkels, who sustained injuries, were taken by helicopter to the hospital.

In September 2001, the Joneses and the Merkels sued Odom alleging that her negligent acts proximately caused their injuries. Approximately ten months after the collision,

---

[2] Because we affirm the denial of the plea to the jurisdiction, we need not address the issue of whether the Act's notice of claim provision is jurisdictional. *But see and compare Martinez v. Val Verde County Hosp. Dist.*, No. 04-02-00001-CV, 2003 Tex. App. LEXIS 3862 (Tex. App.—San Antonio May 7, 2003, no pet. h.) (designated opinion, not yet released for publication), *and Stanton v. University of Tex. Health Science Ctr.*, 997 S.W.2d 628 (Tex. App.—Dallas 1998, pet. denied) (holding Act's notice of claim provision is not jurisdictional), *with Crane County v. Saults*, 101 S.W.3d 764 (Tex. App.—El Paso 2003, no pet. h.), *and Texana Community MHMR Ctr. v. Silvas*, 62 S.W.3d 317 (Tex. App.—Corpus Christi 2001, no pet.), *and State v. Kreider*, 44 S.W.2d 258 (Tex. App.—Fort Worth 2001, pet. denied) (holding Act's notice of claim provision is jurisdictional).

Odom commenced a third-party contribution action against the Department. Odom alleged a premises defect claim against the Department and contended that it was the Department's negligence in failing to inspect the bridge, warn of ice, and sand, or de-ice the bridge that caused the accident and the Joneses' and Merkels' injuries. One month later, the Joneses and the Merkels amended their petitions and filed third-party actions against the Department. They also alleged premises defect claims and contended that the Department's failure to properly inspect the bridge, warn of ice, and sand, or de-ice the bridge was a proximate cause of their injuries. In December 2001, the Department answered the third-party pleadings, asserted sovereign immunity, and generally denied the claims.

In February 2002, without first filing special exceptions, the Department filed a plea to the jurisdiction and contended that because (1) the appellees failed to provide the Department with timely notice of their claims under the Act and (2) there was no legislative or statutory authority for Odom's contribution claim, the district court lacked jurisdiction over all of the third-party claims; therefore, those claims should be dismissed for want of jurisdiction.[3] *See id.* § 101.101. The Department attached to its plea as evidence a verified affidavit from Phillip Pellegrino, a manager at the Department in charge of records relating to notices of tort claims presented to the Department. Pellegrino stated that after a review of Department records, the first notice given to the Department of any claim against the Department related to the collision was more than six months after the collision when Odom filed her third-party action against the Department.

---

[3] The Department did not file a motion for summary judgment.

3

After the Department filed the plea, the Joneses and Merkels amended their petitions and alleged that "the [Department] received actual notice that the plaintiffs had received some injury and that their property was damaged, thereby satisfying the notice requirements of [Texas Civil Practice and Remedies Code] section 101.101(c)." Only the Merkels responded to the Department's plea to the jurisdiction. They contended that the district court had subject matter jurisdiction over the third-party claims against the Department based on the allegations in their amended petition. Additionally, two days before the scheduled hearing on the plea, the Merkels submitted to the district court an affidavit from Officer Jones which they contended supported their position that the Department had actual notice of their claim. Following an evidentiary hearing that addressed the issue of whether the Department had actual notice of the appellees' claims, in which all parties participated through counsel, the district court denied the Department's plea to the jurisdiction without stating a basis.

**Discussion**

In deciding a plea to the jurisdiction, a court may not weigh the merits of a claim but considers *de novo* the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). When reviewing a trial court's order on a plea to the jurisdiction, the appellate court construes the pleadings in the plaintiff's favor and looks to the pleader's intent. *Brown*, 80 S.W.3d at 555; *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804-05 (Tex. 1989). When a plaintiff fails to plead

facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend.  *See Brown*, 80 S.W.3d at 555 (citing *Peek*, 779 S.W.2d at 804-05; *Texas Dep't of Corr. v. Herring*, 513 S.W.2d 6, 9-10 (Tex. 1974)).  On the other hand, if the pleadings and evidence affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend.  *See id.* (citing *Peek*, 779 S.W.2d at 804-05).

To prevail on its plea to the jurisdiction, the Department was required to show that the pleadings and evidence (1) affirmatively negated the existence of jurisdiction and (2) demonstrated incurable defects in jurisdiction.  *Id.*  The State argues that based on the pleadings and the evidence presented, the appellees' contentions that it had actual notice of the appellees' claims were negated and therefore those claims must be dismissed for want of jurisdiction.

*Actual Notice*

All parties agree that neither the Merkels, the Joneses, nor Odom gave the Department a formal written notice of their claims.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a) (West 1997).[4]  The issue, therefore, is whether the Department had actual notice of the appellees' claims.  *See id.* § 101.101(c).[5]  The supreme court's opinion in *Cathey v. Booth* detailed the elements of the

---

[4]  "A governmental unit is entitled to receive notice of a claim against it under [the Act] not later than six months after the day that the incident giving rise to the claim occurred.  The notice must reasonably describe:  (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident."  Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a) (West 1997).

[5]  "The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has

5

actual-notice-of-claim requirement under the Act. 900 S.W.2d 339, 341 (Tex. 1995) (summary judgment regarding actual notice of claim pursuant to Act). A governmental entity has actual notice of a party's claim if it has knowledge of (1) a death, injury or property damage; (2) the agency's alleged fault, producing or contributing to the death, injury or property damage; and (3) the identity of the parties involved. *Id.* Notice to the governmental entity that the incident occurred alone, will not establish actual notice of a claim under the Act. *See id.* "Because the purpose of the actual notice requirement 'is to ensure a prompt reporting of claims to enable the [governmental entity] to investigate while facts are fresh and conditions remain substantially the same,' the person possessed of the actual notice must have a duty to investigate the facts and report them to a person of sufficient authority." *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex. 1981); *Dinh v. Harris County Hosp. Dist.*, 896 S.W.2d 248, 253 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.). Whether a governmental entity has actual notice of a tort claim under the Act is a question of fact. *See Alvarado v. City of Lubbock*, 685 S.W.2d 646, 649 (Tex. 1985); *McDonald v. State*, 936 S.W.2d 734, 738 (Tex. App.—Waco 1997, no writ); *Parrish v. Brooks*, 856 S.W.2d 522, 525 (Tex. App.—Texarkana 1993, writ denied).

The appellees' pleadings each alleged in pertinent part: "Defendant, Texas Department of Transportation, received 'actual notice' that the Plaintiffs had received some injury and that property was damaged, thereby satisfying the notice requirements of TCPR, § 101.101(c)." The evidence adduced at the hearing included the affidavit of Marble Falls Police Officer Larry

---

received some injury, or that the claimant's property has been damaged." *Id.* § 101.101(c) (West 1997).

Jones who stated that he was "involved with communications between the Marble Falls Police Department and the Texas Department of Transportation regarding the condition of the bridge at the time of the motor vehicle accident." He stated that he was

> aware that two calls were made at my instructions from the Marble Falls Police Department to the Texas Department of Transportation. The Texas Department of Transportation was advised that a severe injury accident had occurred on the Highway 281 Bridge over Lake Marble Falls in Marble Falls, Texas. They were advised that ice on the bridge contributed to the accident and that the bridge was not sanded and needed sanding. Within a few minutes after the collision, a Texas Department of Transportation truck came to the scene.

Also included as evidence at the hearing was deposition testimony from Officer Dillard who during his deposition read from a Marble Falls Police Department Call for Service Report related to the incident. "At 8:11 a.m. states that the city yard ADCD that it will be TxDoT's responsibility to sand the bridge. At 8:11 TxDoT is notified. At 8:20 TxDoT called back and advised that by the time the–by the time they respond to the ice that is on the bridge, it will have already thawed. At 8:25 statement that says just had a TxDoT truck pass me at Gateway 'to 415.'" Officer Dillard explained that "Gateway" is very near the bridge where the collision occurred. Officer Dillard stated further that he did not "know one way or another whether [the Department] was informed that there was an accident or whether we–whether they were just asked to sand the bridge," but, twenty-five minutes after the collision occurred, a Department truck was at the bridge. This was the sum of the evidence presented at the evidentiary hearing regarding the Department's notice or knowledge of the incident.[6]

---

[6] In their briefs and at oral argument before this Court, Odom, the Merkels, and the Joneses referred to deposition testimony by Ron Ullman, a Department maintenance supervisor, who stated that while he was working the morning of the collision, he listened to the police scanner and heard the broadcast regarding the collision and that it involved injuries. He thereafter made a notation in

7

Construing the pleadings and the evidence in favor of the appellees as we must under a *de novo* review of a ruling denying a plea to the jurisdiction, and declining to weigh their claims' merits, we conclude that material issues of fact remain about whether the Department had actual notice of the appellees' claims as required by section 101.101(c) and *Cathey*. The Department failed to show that the pleadings and evidence negated jurisdiction and also demonstrated an incurable defect in jurisdiction. *See Brown*, 80 S.W.3d at 555; *Peek*, 779 S.W.2d at 804-05; *Herring*, 513 S.W.2d at 9-10. The district court's denial of the plea to the jurisdiction was, therefore, not erroneous. Concluding that the record did not negate jurisdiction and demonstrate an incurable defect in jurisdiction, and that the record is underdeveloped regarding the issue of whether the Department had actual notice of a claim under the Act, we overrule the Department's contention that it was without actual notice of appellees' claims and that it was entitled to dismissal of the claims for lack of jurisdiction.

### Odom's contribution claim

The Department also contends that absent legislative approval or statutory authority, the district court was without jurisdiction over Odom's contribution claim against the Department. In *Rosales v. Brazoria County*, Rosales filed a third-party contribution claim against the county. 764 S.W.2d 342, 343 (Tex. App.—Texarkana 1989, no writ). Rather than dismissing the case for want

---

his annual work journal of the collision, because it was his practice to note "a very few motor vehicle collisions" that involve potential damage to State property or are accidents characterized as "serious." He also stated that he makes these journal notations because the Department wants to be able to have a record in the event there is future litigation. The parties deposed Ullman during the continuing discovery phase of the proceedings after the district court denied the plea to the jurisdiction.

of jurisdiction, the trial court granted a partial summary judgment in favor of the county, finding that Rosales failed to comply with the notice-of-claim provisions of the Act. *Id.* The court of appeals reversed the summary judgment and remanded for further proceedings. The *Rosales* court concluded that the summary judgment record established that the county had actual notice of Rosales's tort claim under the Act, and that proceedings in the trial court should continue. *Id.* at 344.

In light of *Rosales* and our conclusion that the issue of whether the Department had actual notice of the parties' claims was not fully resolved by the pleadings and evidence presented at the hearing, we overrule the Department's contention that the court lacked jurisdiction over Odom's claim for contribution.

## Conclusion

Because (i) the record did not negate jurisdiction and demonstrate an incurable defect in jurisdiction and (ii) material issues of fact remain about whether the Department had actual notice of the appellees' claims, we affirm the district court's denial of the plea to the jurisdiction.

 

 

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: May 30, 2003

9